No. 17605—William Loftus, by, etc., v. Pennsylvania Railroad Co. Error to the Court of Appeals of Cuyahoga county.

**PERSONAL INJURIES**—(1) Amendment to 11273 GC. construed— Residence of claimant— (2) Causes arising under federal act of 1908—to be entertained by state courts—(3) 112276 GC. not repealed—(4) Amendment not a discrimination between citizens of other states.

MARSHALL, C. J.:

1. The amendment to Section 11273, General Code (109 O. L., 81), excludes from the jurisdiction of the state courts of Ohio all calses against the persons and ·companies therein referred to for injuries to person or property or for wrongful death occurring without the state of Ohio unless such claimant is a resident of this state.

2. It is the duty of the courts of this state to entertain causes arising under the Federal Employers' Liability Act of 1908, subject to the limitations contained in the aforesaid amendment to Section 11273, General Code.

3. The amendment to Section 11273 limits the provisions of Section 11276 but does not operate as a repeal of the same or any part thereof.

4. The purpose of Section 2 of Article IV of the Federal Constitution which guarantees that "The Citizens of each State shall be entitled to all Privileges and Immunities · of Citizens in the several States," is to prevent arbitrary and unreasonable discrimination in each state in favor of its own citizens and against the citizens of other states, and the amendment to Section 11273, General Code, does not operate as a discrimination. That statute is based upon residence without regard to citizenship. The amendment does not therefore contravene the mandate of the federal constitution.

Judgment affirmed.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

No. 17785—In the Matter of George S. Hawke, Attorney-at-Law. Error to the Court of Appeals of Hamilton county.

**DISBARMENT**—(1) Nature of constitutions—(2) Appellate jurisdiction of Courts of Appeals in chancery cases—Polyclinic v. 92 O. S. 415, and Wagner v. 93 O. S. 443, approved—(3) Chancery cases do not comprehend disbarment or suspension of attorney.

WANAMAKER, J.:

1. State constitutions are primarily' limitations upon political power, and secondarily delegations of political power.

2. Section 6, Article IV, of the Constitution of Ohio, defines the appellate jurisdiction of the courts of appeals in these words: "Appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify or reverse the judgments of the courts of common pleas," etc. Such limitation of "appellate jurisdiction," to the "trial" of chancery cases," denies to the general assembly the power to extend that jurisdition to the "trial of any other class of cases than chancery cases. Cincinnati Polyclinic v. Balch, 92 Ohio St. 415, and Wagner v. Armstrong, 93 Ohio St. 443, approved and followed.)

3. Chancery cases do not now and never have comprehended proceedings in disbarment or suspension of attorneys at law.

Judgment affirmed. .

Jones, Matthias and Day, JJ., concur.