STANLEY B. SCHWARTZ *v.* THE STATE OF OHIO.

IN RE DISBARMENT PROCEEDINGS OF STANLEY B. SCHWARTZ.

*Disbarment—Nature and purpose of proceeding—Caption or style unimportant—State not a party—Prosecuting attorney not entitled to participate, when—Error proceedings—Waiver of service of summons by prosecuting attorney—Jurisdiction of Court of Appeals.*

1. In Ohio a disbarment proceeding is purely statutory; it is a special proceeding of a summary character and it is neither an ordinary civil action nor a criminal prosecution, and is distinguishable from both with respect to the object sought and the procedure governing civil and criminal actions; it is an inquiry or investigation as to the conduct of an attorney, instituted by order of the court, not to mete out punishment to an offender, but to protect the administration of justice and the courts and the public from the misconduct of those who are licensed to practice law.

2. The caption or style of the proceeding is of little importance, but, however styled, the state of Ohio is not a party to the proceeding, and, if the prosecuting attorney is not

appointed by the court as one of the committee to prefer and prosecute charges, he is not required or authorized to prosecute such charges, and where he is not so appointed, and has had nothing to do with the preparation or prosecution of such charges in the Common Pleas Court, his waiver in writing of the issuance or service of a summons in error will not give the Court of Appeals jurisdiction to review such proceeding.

(Decided February 19, 1924.)

Error: Court of Appeals for Franklin county. On Motion to dismiss petition in error.

*Mr. Henry A. Williams; Mr. Horace S. Kerr* and *Mr. James I. Boulger,* for the motion.
*Mr. Charles E. Belcher* and *Mr. Thomas H. Clark, contra.*

Washburn, J.  The question for determination in this case is whether or not this court has jurisdiction to review on error the judgment of the Common Pleas Court of Franklin county in a certain disbarment proceeding.  It is admitted that we have jurisdiction generally to review such judgments, but it is claimed that there has been no proper service of summons on the petition in error, nor waiver thereof by entry of appearance in this court.

The Common Pleas Court of Franklin county caused disbarment proceedings to be instituted against Stanley B. Schwartz, an attorney at law, by appointing a committee of three lawyers to prefer and prosecute charges against him.

Charges were filed and prosecuted in accordance with the statutes of Ohio (Section 1707 *et seq.,* General Code), and a judgment was rendered re-

moving Schwartz from the office of attorney at law and disbarring him from the practice.

The caption of the charges filed was: "In re Preferment of Charges against Stanley B. Schwartz." The judgment was entered on July 16, 1923.

On September 22, 1923, sixty-eight days after the rendition of judgment, a petition in error was filed in this court, the caption of which was: "*Stanley B. Schwartz* v. *The State of Ohio*," said caption being set forth in full at the beginning of this opinion.

At the end of said petition in error there appeared the following: "Sept. 22, 1923. Appearance of defendant in error is hereby entered. (Signed) John R. King, Pros. Atty., by W. E. Benoy, Asst."

No summons was issued or served, and no appearance was entered except as stated above.

On December 11, 1923, more than seventy days after the judgment of disbarment was entered in the Common Pleas Court, a motion signed by the committee appointed to prosecute the charges was filed in this court, asking that the petition in error be dismissed for want of jurisdiction to hear the same, because there was no service of summons or entry of appearance by anyone authorized to enter such appearance.

On behalf of Stanley B. Schwartz it is contended that the state of Ohio is not only a proper party but the real party to such proceedings, and that the prosecuting attorney, as the legal representative of the state, is authorized to waive service of summons and enter appearance in the action.

The prosecuting attorney was not one of the at-

torneys appointed to prefer the charges and it is conceded that neither the prosecuting attorney nor any of his assistants had anything to do with the preparation or prosecution of the charges in the Common Pleas Court, nor in this court, except to sign the waiver on the petition in error, and that the state of Ohio did not appear in the style of the cause until it reached this court by the petition in error.

We need not inquire into the authority of the prosecuting attorney, unless we find that the state of Ohio was a real party in said disbarment proceedings.

In Ohio a disbarment proceeding is purely statutory (*In re Hawke*, 107 Ohio St., 341); it is a special proceeding of a summary character, neither an ordinary civil action nor a criminal prosecution, and is distinguishable from both with respect to the object sought and the procedure governing actions. It is not an ordinary proceeding between two parties, where by the decision one gains what the other loses, but it is an inquiry or investigation as to the conduct of an attorney, instituted by order of the court, not to mete out punishment to an offender, but that the administration of justice may be safeguarded and the courts and the public protected from the misconduct of those who are licensed to practice law.

"The parties to a cause are not determined solely by the caption in that cause, but from the entire record in the cause." *Vance* v. *Davis, Agt.*, 107 Ohio St., 577.

The caption or style of a disbarment proceeding is of little importance; such a proceeding may be styled as this one was, "In Re Preferment of

Charges against'' etc., or "In the Matter of," and
such a title is preferable because it indicates more
accurately the real nature of the proceeding. It
may also be styled "The State of Ohio on Relation
of the Committee," etc., against the party charged,
but however the title may be the state of Ohio is
not a party to the proceeding in the sense that
the state is prosecuting the charges.

The statute specially provides who shall prose-
cute, to-wit, those appointed by the court, and
unless the prosecuting attorney is so appointed by
the court, he is not required, nor authorized, to
prosecute such charges; indeed he may properly
defend the attorney charged with misconduct, the
same as any other attorney may accept such em-
ployment.

Decisions from other states, having varying rules
of practice and statutes, are not controlling or
of very great assistance in this state, where the
proceeding is special and is governed by our stat-
utes.

Section 12259, General Code, specifically provides
for service of summons upon the attorneys of
record, who in this case were the attorneys ap-
pointed by the court to prosecute the charges, and
no such service having been made, and there be-
ing no waiver signed by anyone in any way con-
nected with the proceedings or authorized to sign
such waiver, it follows that this court is without
jurisdiction to hear and determine this cause.

It has been suggested that insomuch as the peti-
tion in error was filed within the 70-day limitation
period there was an attempt to commence an ac-
tion under Sections 11230 and 11231, General Code,
and that, therefore, if a summons had been issued
and served upon the proper party any time within

sixty days thereafter, such would be service as authorized by said statutes.

That contention is not tenable, because the mere filing of the petition in error within time is neither the commencement of an action nor an attempt to commence an action within the meaning of the statutes.

While these statutes apply to error proceedings (*Ross, Sheriff,* v. *Willet,* 54 Ohio St., 150), it is requisite that the summons be issued before the expiration of the statutory limitation in order that the action may be considered as commenced so that a party may have the benefit of the statutes. *B. & O. Rd. Co.* v. *Ambach,* 55 Ohio St., 553; *McLarren* v. *Myers, Admr.,* 87 Ohio St., 88.

The filing within the 70-day period of a waiver signed by a stranger to the proceedings does not change the legal effect of the failure to have a summons issued within the period fixed by the statute.

As the petition in error was filed within the 70-day limitation, it is urged that the committee, by filing its motion to dismiss, entered its appearance, so that this court, having jurisdiction of the subject-matter, now has jurisdiction of the parties and should hear and determine the case.

The thing the court was asked to do in the motion was to dismiss the action for want of jurisdiction to hear the same; it is true that it is not stated that the committee appeared for the purpose of the motion only, but it is also true that the committee did not by the motion ask the court to pass upon any question except that of jurisdiction.

We regard it as settled law in Ohio that where a party files a motion, demurrer or answer, which involves the merits of the case in any way, he thereby enters his appearance, although he spe-

cifically protests that he does not enter his appearance. Whether or not he enters his appearance does not depend upon what he says his intention is, but depends upon what he asks the court to do. Whenever he asks to have the court pass upon any question connected with the merits of the case, that moment he submits himself to the jurisdiction of the court; but if the motion does not go to the merits of the case he does not enter his appearance merely because he fails to state in the motion that he disclaims any intention of entering his appearance. *Blinn* v. *Rickett*, 3 N. P. (N. S.), 345; *Blinn* v. *Rickett*, 6 C. C. (N. S.), 513.

On the general subject of conferring jurisdiction after the 70-day period, see *Wells, Jr.,* v. *Wells,* 105 Ohio St., 471.

There was no entry of appearance which gives this court jurisdiction to try this action.

It is to be regretted that the plaintiff in error will not have an opportunity to have the court pass upon the merits of his case. In considering this motion we have kept in mind that a party's right to have his case reviewed should not be denied on any mere technicality, but in this case the question raised is one of jurisdiction, and for the reasons stated we feel that we are compelled to sustain the motion to dismiss the petition in error, and that is accordingly done.

*Petition in error dismissed.*

FUNK, P. J., and PARDEE, J., concur.

Judges of the Ninth Appellate District, sitting in place of Judges KUNKLE, ALLREAD and FERNEDING, of the Second Appellate District.