Allen, J.
 

 The plaintiff filed her petition in the court of common pleas under Sections 11925 to 11935, inclusive, Ohio General Code, which are as follows:
 

 Sec. 11925. “In an action by the tenant in tail or for life, or by the granteé or devisee of a qualified or conditional fee, or of any other qualified, conditional, or determinable interest, or by a person claiming under such tenant, grantee, or devisee, or by the trustee or beneficiaries, if the estate is held in trust, courts of common pleas may authorize the sale of any estate, whether it was created by will, deed, or contract, or came by descent, when satisfied that such sale would be for the benefit of the person holding the first and present estate, interest, or use, and do no substantial injury to the heirs in tail, or others in expectancy, succession, reversion, or remainder. This section shall not extend to estates in dower (B. S., Section 5803).”
 

 Sec. 11927. “Upon the hearing, if it be made to appear by satisfactory proof that a sale of the
 
 *648
 
 estate would be for the benefit of the tenant in tail, or for life, and do no substantial injury to the heirs in tail, or others in expectancy, succession, reversion, or remainder, the courts shall direct a sale to be made, the manner thereof, and appoint some suitable person or persons to make it. Such sale shall vest the estate sold in the purchaser freed from the entailment, limitation, or condition (E. S., Section 5805).”
 

 ¡Sec. 11931. “Under the direction and approval of the court, money arising from such sales shall be invested in the certificates of the funded debt of this state or bonds of any political subdivision thereof, or of the United States, or in bonds or notes secured by mortgage on unincumbered real estate situated in the proper county, of double the value of money secured thereby. The buildings thereon, if any, shall be well insured against loss by fire and so kept by the mortgagor for the benefit of the mortgagee, until the debt is paid. On his failure so to do the mortgagee shall do this and the expense of the insurance be repaid by the mortgagor and be a lien on the property concurrent with the mortgage; or, the court may order the money to be reinvested in other real estate within this state, under such restrictions, as it prescribes, which investments shall be reported to the court, and' be subject to its approval and confirmation. * * *”
 

 Sec. 11932. “The court shall appoint competent trustees to invest and manage the money, who from time to time must report to it their proceedings, and the condition of the fund. The court shall require of such trustees security for the faith
 
 *649
 
 ful discharge of their duties, from time to time may require additional security, remove them for cause, or reasonable apprehension thereof, accept the resignation of a trustee, and fill a vacancy by a new appointment (E. S., Section 5809).”
 

 See. 11983. “Under the direction and approval of the court, money arising from such sales may be invested in bonds which are either a portion, or the whole of an issue secured by first mortgage or trust deed, upon the real estate so sold, under such restrictions as the court prescribed, which investment must be reported to the court and be subject to its approval and confirmation. Where parts of the same entailed estate have been or hereafter are sought to be sold in separate actions, the common pleas court may, before or after sale in any action or at any time during the continuance of the trusts if in its judgment it is for the best interests of the estate, consolidate any two or more such actions or the trusts created thereunder. The court shall have power to make all orders and decrees necessary or proper to effect consolidation.”
 

 Sec. 11934. “The net income accruing from such sales shall be paid to the person or persons who would be entitled to the use or income of the estate were it unsold. Taxes and the expenses of the investment and management of the fund sha-ii be paid by the person or persons entitled to the income thereof (E. S., Section 5810).”
 

 Sec. 11935. “Upon like proceedings the court may direct that such estates be leased for a term of years, renewable or otherwise, as appears most beneficial, and on such terms as appear just and
 
 *650
 
 equitable. The rents and profits shall be paid to the person or persons who might otherwise be entitled to the use and occupancy of the estate or the income thereof (E. S., ¡Section 5811).”
 

 The defendant, Oliver H. Clark, by his cross-petition sought equitable relief under Section 11901, which is as follows:
 

 Sec.
 
 11901. “An
 
 action may be brought by a person in possession of real property, by himself or
 
 tenant,
 
 against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest; or such action may be brought by a person out of possession, having, or claiming to have an estate or interest in remainder or reversion in real property, against any person who claims to have an estate or interest therein, adverse to him, for the purpose of determining the interests of the parties therein (E. S., Section 5779).”
 

 Two questions are presented for our consideration:
 

 First. Is an order of sale entered in an action to sell an entailed estate appealable?
 

 Second. If such order of sale is not
 
 per se
 
 appealable, can a defendant in an action to sell an entailed estate by filing a cross-petition to quiet title against his codefendants make the said order of sale in-the said action to sell an entailed estate appealable as to the plaintiff?
 

 “The jurisdiction of the Courts of Appeals in the trial of cases on appeal is expressly limited by the Constitution to chancery cases, and this jurisdiction cannot be enlarged by the General Assembly.”
 
 *651
 

 Wagner
 
 v.
 
 Armstrong,
 
 93 Ohio St., 443, 113 N. E., 397.
 

 Under this rule the right of appeal has been sustained in a proceeding to foreclose a mechanic’s lien
 
 (Hollowell, Exrx.,
 
 v.
 
 Schraden,
 
 96 Ohio St., 599, 118 N. E., 1083); in a partition case
 
 (Wagner
 
 v.
 
 Armstrong, supra);
 
 in an action to enjoin and restrain the collection of special assessments
 
 (Manning
 
 v.
 
 Village of Lakewood,
 
 94 Ohio St., 85, 113 N. E., 661).
 

 It has, however, been held by this court in the case of
 
 Marleau
 
 v.
 
 Marleau,
 
 95 Ohio St., 162, 115 N. E., 1009, that a proceeding for alimony does not invoke the equity powers of the court, but is controlled by statute; the court being authorized to exercise only such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective.
 

 In
 
 Re Hawke,
 
 107 Ohio St., 341, 140 N. E., 583, the court decided that proceedings in disbarment or suspension of attorneys at law do not constitute a chancery case, stating in the syllabus that “chancery cases do not now, and never have, comprehended proceedings in disbarment or suspension of attorneys at law.” And in
 
 Forest City Investment Co.
 
 v.
 
 Haas, ante,
 
 188, 143 N. E., 549, the court held, overruling
 
 Thompson
 
 v.
 
 Denton,
 
 95 Ohio St., 333, 116 N. E., 452, that—
 

 “A proceeding for the appointment of a receiver does not constitute a chancery case within the purview of Section 6, Article IV, of the Ohio Constitution as amended in 1912.”
 

 Plaintiffs in' error claim that under the above decisions the action to sell entailed real estate
 
 *652
 
 constitutes a chancery case. They urge, in substance :
 

 First. That the proceeding is equitable, since it is similar to an action to partition, and since the court must determine equities between the life tenant and remainderman, and decide whether the possible benefit that would accrue to the life tenant from the sale would outweigh the possible injury to the remainderman.
 

 Second. That the court in deciding the present issues construes a portion of a will.
 

 Third. That a trust estate is created under the statute to handle the proceeds of the sale under the supervision of the court.
 

 Fourth. That the cross-petition in this case stated a chancery case, and hence the entire proceeding is appealable.
 

 The mere resemblance between the present action and partition proceedings in certain features is not decisive, for many a statutory remedy which was never recognized as cognizable in courts- of chancery involves equitable or semi-equitable characteristics. The instant case is not an action in partition, and hence does not come within the rule of the
 
 Wagner case, supra.
 

 Neither does an action involving the construction of a will constitute
 
 per se
 
 a chancery case. 3 Pomeroy Equity Jurisprudence (4th Ed.), par. 1155, states the rule to be as follows:
 

 “So far as á will of real property bequeaths purely legal estates, and the devisees therein obtain purely titles to the land given, the enforcement thereof belongs to the courts of law by means of the action of ejectment; the courts of law
 
 *653
 
 have full power to construe and interpret the instrument and to determine the rights of the devisees ; there is no necessity, and therefore no power, .of resorting to a court of equity, in order to obtain a construction of such wills.”
 

 Plaintiffs in error, however, claim that in the recent case of
 
 Gearhart
 
 v.
 
 Richardson,
 
 109 Ohio St., 418, 142 N. E., 890, this court held that an action construing a will is equitable in nature, and that hence the instant case is a chancery, ease. Such is not, however, the purview of that holding. The first paragraph of the syllabus reads as follows:
 

 “An action construing a will creating a charitable trust is equitable in nature. * #
 

 This holding is clearly distinguished from the holding sought for in the present case, where we have no charitable trust and no trust covering the realty in question created under the will, and therefore the
 
 Gearhart case
 
 does not apply. Moreover, the construction of the will here involved was purely an incident of the main action, and hence plaintiff’s second argument is doubly untenable.
 

 Considering next the fact that the proceeds of the sale will be handled by a trustee, it is to be observed that the investment of the proceeds of the sale by the trustee will be governed by the statute, not by rules of chancery, and the court will control the trustee under the statute.
 

 The investment of these proceeds by the trustee and the government of the trustee by the court is also ancillary — a mere incident to the order of sale; also the action to sell mi entailed estate
 
 *654
 
 is purely statutory, having been first created on April 4, 1859 (56 Ohio Laws, p. 154), and was never cognizable in courts of chancery. In view of the cases cited above, it cannot be said that, this court in its recent decisions is extending the definition of “chancery case,” so as to include proceedings and actions created by statute. In fact, the test as to whether an action constitutes a chancery case in Ohio, in view of the
 
 Hawke
 
 and the
 
 Forest City Investment Co. cases, supra,
 
 appears still to be whether the action or proceeding was originally recognized as a subject of chancery jurisdiction “before the adoption of the Code of Civil Procedure.”
 
 Wagner
 
 v.
 
 Armstrong, supra.
 
 We hold, therefore, that the action filed by the plaintiff in this case is not applicable.
 

 Taking up plaintiff in error’s final argument, it is true that the cross-petition filed in this case by Oliver H. Clark does state an equitable cause of action, in that it prays to have title to real estate quieted on behalf of the petitioner. Such a petition indisputably constitutes a chancery case.
 

 The question raised in this branch of the case then is whether a codefendant, by filing a cross-petition to quiet title against his codefendants, makes the proceeding to sell an entailed estate appealable as to the plaintiff.
 

 The judgment of the court did not distinguish between the petition of Euretta Clark and the cross-petition of Oliver H. Clark in its finding and adjudication. The judgment reads in its pertinent portions as follows:
 

 “May 7, 1923. To Court: This cause came on to be heard this - day of May, 1923, on
 
 *655
 
 the pleadings and the evidence, and, upon due consideration thereof, the court finds that the plaintiff has an interest as a tenant for life in the real estate in the petition described under the will of Jas. H. Clark, deceased, late of Lake county, a certified copy of which will is recorded in Volume 66, p.
 
 14
 
 of the Record of Wills of Cuyahoga county, Ohio; that under said will the defendant Oliver H. Clark is the owner of the fee in said real estate in remainder, subject to being defeated upon the contingency of his death prior to the death of plaintiff, Euretta Clark, his mother, upon which contingency by the terms of said will the fee of said property upon the death of the said Euretta Clark will vest in the heirs mentioned in item 8 of said will, their heirs and assigns, but if the said Oliver H. Clark shall survive said Euretta Clark then upon her decease the contingent interests in said real estate as herein-before set forth will terminate and the full title in fee in said premises thereupon vest in the said Oliver H. Clark. The court further finds that a sale of said real estate as prayed for in the petition will be for the benefit of the plaintiff and will do no substantial injury to the defendants, the heirs in tail, nor to any of said defendants, and the court further finds that the defendant, Oliver H. Clark, by his duly appointed and qualified guardian, Martin A. Tuttle, appointed by the probate court of Lake county, has herein consented in writing to a .sale of the said real estate as prayed for in the petition. It is therefore ordered, adjudged and decreed that the said real estate be sold free and clear from all entailment, limita.tion or conditions and free of all claims of all
 
 *656
 
 parties to this action by the Guardian Savings & Trust Company, which is hereby appointed to make such sale.
 
 * * *”
 

 This judgment includes a judgment upon the cross-petition of Oliver H. Clark, although not separated and distinguished from the judgment upon the petition of the plaintiff. In the journal entry Oliver H. Clark excepts “to the judgment and finding of the court upon his cross-petition.”
 

 In instituting the action Euretta Clark inserted an allegation in her petition questioning the nature of the title claimed by the plaintiffs in error to the land in controversy. However, this allegation was immaterial and in no way changed the nature of the petition, which was merely an application under the statute for permission to sell the real estate.
 

 Euretta Clark has no legal interest in the controversy between Oliver H. Clark and the plaintiffs in error. "Whatever her personal interest may be as life tenant, it does not legally concern Euretta Clark whether plaintiffs in error or Oliver H. Clark receive the property after her death.
 

 A court of equity having jurisdiction of a case will retain jurisdiction of all issues therein, even though part of them are legal, and administer full relief, both legal and equitable, so far as it pertains to the same transaction or subject-matter.
 
 Frank
 
 v.
 
 Davis,
 
 135 N. Y., 275, 31 N. E., 1100, 17 L. R. A., 306;
 
 Thomas
 
 v.
 
 Thomas,
 
 250 Ill., 354, 95 N. E., 345, 35 L. R. A., (N. S.), 1158, Ann. Cas. 1912B, 344. This rule, however, applies only in instances where the equitable action set up by cross-petition concerns the plaintiff, the person who
 
 *657
 
 has instituted the main action. So far as our research shows, it has never been applied to cases where a separate and distinct equitable controversy existed between defendants to the action, and the action brought by the plaintiff was purely statutory, the plaintiff having no interest whatever in the equitable controversy. Indeed, if such were the law, litigants would be enabled, by filing equitable cross-petitions, to amend the Constitution which limits the Court of Appeals to trial of chancery cases only.
 

 We hold, therefore, that the filing of a cross-petition against other defendants, which cross-petition states a chancery case, does not constitute the action appealable as to Euretta Clark, who has no interest whatever in the equitable controversy.
 

 Plaintiffs in error were defendants in the court of common pleas in two actions — one to sell entailed real estate, which was not appealable, and one to quiet title, which was appealable. No distinction was made between these actions in the journal entry in the trial court, and plaintiffs appealed generally from that j'udgment. If the j'udgment of the Court of Appeals stands unmodified, plaintiffs in error, while rightly precluded from appealing from the j'udgment in the action to sell entailed real estate, are deprived of the appeal to which they are entitled on the chancery side of the action.
 

 It is true that Oliver H. Clark’s appeal against the plaintiffs in error is still pending in the Court of Appeals, but if Oliver H. Clark desires to dismiss his appeal the plaintiffs in error will be without review upon the chancery side of the case.
 

 Oliver H. Clark has not been made a party in
 
 *658
 
 this court to this proceeding in error. He was one of the defendants in the judgment in the court of common pleas, and therefore under the rule announced in
 
 Smetters & Harris v. Rainey,
 
 14 Ohio St., 287, defendant in error urges that the petition in error must be dismissed.
 

 The rule announced in the second and third propositions of the syllabus of
 
 Smetters & Harris v. Rainey, supra,
 
 however, has been overruled in
 
 Snider’s Ex’rs.
 
 v.
 
 Young,
 
 72 Ohio St., 494, 74 N. E., 822.
 

 Mórover, even if the earlier rule were still in force, it is not applicable to these facts. In this case Oliver H. Clark has an appeal still pending in the Court of Appeals. He has not joined in the application of Euretta Clark to dismiss the petition in error in this court. Oliver H. Clark will have his day in court against these plaintiffs in error in the Court of Appeals if they are permitted to try their cause against him in that court, and in such case it would be futile to require him to be joined in the instant case.
 

 Bearing in mind the above considerations, and the equities between all of the parties, the judgment is reversed, and the cause is remanded to the Court of Appeals, with instructions to reinstate the appeal of the plaintiffs in error as to the judgment upon the cross-petition of Oliver H. Clark.
 

 Judgment reversed, and cause remanded.
 

 Marshall, C. J., Jones, Matthias and 'Day, JJ., concur.
 

 Wanamaker, J., not participating.