Jones, J.,
 

 dissenting. Section 11577, General Code, provides that a trial court shall not grant
 
 *115
 
 more than one new trial on the weight of the evidence against the same party in the same case. In
 
 Cleveland Ry. Co.
 
 v.
 
 Trendel,
 
 101 Ohio St., 316, 128 N. E., 136, this court held that since the trial court had once granted a new trial upon the weight of the evidence it was expressly prohibited by above section from granting another upon the same ground; that, since the trial court could not commit error in that respect, there could be no error predicated upon its nonaction which an appellate court could review. When we consider that under our system of government the legislative and judicial departments under our Constitution were created with separate and independent functions and powers, and that this Constitution has endowed reviewing courts with appellate jurisdiction over its
 
 nisi prius
 
 courts, that would be indeed an anomalous situation which, if upheld, would make it possible for a Legislature to nullify the constitutional jurisdiction of the appellate courts. In this case I cannot but repeat the observation made in my dissenting opinion in the
 
 Trendel case, supra:
 

 “The effect of the judgment of the Court of Appeals is not only to deny the right of an appellate court to review a case, but to permit the Legislature to abridge the jurisdiction conferred by the Constitution upon the Courts of Appeals. If that principle is sustained there is no reason why the Legislature may not divest the Court of Appeals of every vestige of its appellate jurisdiction. ’ ’
 

 The appellate jurisdiction of the 'Court of Appeals is now fixed by Section 6, Article IV, of
 
 *116
 
 our present Constitution. That section provides that the Courts of Appeals shall have appellate jurisdiction “to review, affirm, modify or reverse the judgments of the courts of common pleas,” etc.
 

 It has been held in various decisions of this court that the General Assembly no longer has power to enlarge or limit the jurisdiction conferred on the Court of Appeals by that provision of the Constitution. Among other cases may be cited
 
 Cincinnati Polyclinic
 
 v.
 
 Balch,
 
 92 Ohio St., 415, 111 N. E., 159;
 
 Wagner
 
 v.
 
 Armstrong,
 
 93 Ohio St., 443, 113 N. E., 397;
 
 Haas
 
 v.
 
 Mutual Life Ins. Co.,
 
 95 Ohio St., 137, 115 N. E., 1020;
 
 Complete Bldg. Show Co.
 
 v.
 
 Albertson,
 
 99 Ohio St., 11, 121 N. E., 817;
 
 Craig
 
 v.
 
 Welply,
 
 104 Ohio St., 312, 136 N. E., 143;
 
 In re Hawke,
 
 107 Ohio St., 341, 140 N. E., 583;
 
 State ex rel. Medical Centre Co.
 
 v.
 
 Wallace, Clerk,
 
 107 Ohio St., 557, 140 N. E., 305.
 

 The
 
 Medical Centre Co. case, supra,
 
 was concurred in by every member of the present court, with the single exception of Judge Kinkade, who was not then a member. In that ease Marshall, C. J., delivering the opinion, again declared at page 560 (140 N. E., 305), that this court “in language not to be misunderstood declared that the jurisdiction of the Court of Appeals is fixed by the Constitution,
 
 and that the Legislature may neither add to nor subtract from the jurisdiction therein', defined.
 
 It is the spirit of that decision
 
 [Polyclinic
 
 case] that litigants may prosecute error to the Court of Appeals from any court of record, and that the Court of Appeals itself may not limit or abridge that right;
 
 neither may
 
 
 *117
 
 the Legislature impose any limitations thereon.” (Italics ours.)
 

 It had theretofore repeatedly been held by this court that ^he Legislature may neither enlarge nor limit the power of the Court of Appeals to review the judgments of the court of common pleas. It is conceded that it may not do so directly by legislation. How, then, is it possible for it to do so by indirection? For this is the practical holding in the
 
 Trendel case, supra.
 
 We concede that the jurisdiction of the court of common pleas is purely statutory. However, both original jurisdiction and appellate jurisdiction of the 'Courts of Appeals are constitutional. The decision in the
 
 Trendel case,
 
 in
 
 effect,
 
 nullifies the constitutional provisions. It held that the Legislature may abridge the right of review by a curtailment of the power of the common pleas court to act. If this be true, then the Legislature would have power to pass a statute denying the right of a trial court to grant a new trial or a second trial for any cause. Let us take a hypothetical case. Suppose that the General Assembly has passed a statute providing that the common pleas court may sustain a demurrer to a pleading but a single time. A plaintiff files a petition which contains no cause of action; the trial court sustains a demurrer thereto; plaintiff amends; still no cause of action appears; the statute prevents the court from sustaining a demurrer a second time. Is it possible that a reviewing court is not permitted to review that petition, upon the theory that the trial court committed no error because a statute prohibited it from acting? Must the plaintiff be allowed to
 
 *118
 
 recover because the trial court has been made powerless to act?» With like reason, under similar legislation, an accused could be sentenced to death without hope of any judicial review. The
 
 Tfíendel case
 
 was decided upon a process of reasoning with which we cannot concur.
 

 The constitutional provisions require that the reviewing courts “shall” have jurisdiction to review the “judgments” of a court of common pleas. A judgment is the composite act of both court and jury; the jury being triers of fact, the court applying the law. It is that judgment which is subject to review, not the nonaction of a trial court. A judgment may result purely from the issues of fact, and an error may be committed by the jury in arriving at the verdict. For the purpose of this case it must be conceded that such error may have intervened, since the only purpose of this review is to obtain the judgment of the appellate court upon the weight of the evidence. There is a further decisive reason why, under the constitutional mandate, the Court of Appeals has the right to review the judgment of the court of common pleas upon the weight of the evidence. Source of such power is conferred in another clause of Section 6, Article IV of the 'Constitution, which reads:
 

 “No judgment of a court of common pleas * * * shall be reversed except by the concurrence of all the judges of the Court of Appeals on the weight of the evidence * *
 

 It seems to us that this provision of the Constitution recognizes in apt language a judicial power in the Court of Appeals to -reverse upon the weight of the evidence. Griving effect to such clause in
 
 *119
 
 Section 6, Article IV, dealing with the appellate jurisdiction of the Courts of Appeals, it clearly grants plenary power to review and reverse any judgment, with the sole limitation that a judgment based on the weight of the evidence can only be reversed if all the judges concur. There can be no doubt as to the construction the Constitution makers gave the provisions under consideration when they adopted them. This is determined beyond peradventure by their official explanations embodied in their pamphlet issued to the electorate for their guidance in the election at which the provisions were adopted. These explanations were printed immediately under Section 6, Article IV, as follows :
 

 “Under the existing judicial system which this amendment proposes to change, an action first tried in the court of common pleas, is carried thence to the circuit court for review, and thence to the Supreme Court for the same purpose, and either of the two courts may reverse the judgment and send it all back to the beginning in the court of common pleas. * * * This [proposed amendment] reduces proceedings to ‘one trial and one review,’ ” etc.
 

 How vitally the question under discussion may affect litigants can readily be seen. In many cases tried in this state the only questions at issue are those of fact. Let it be assumed that in such oases the litigants do not have a single question of law for the trial court to decide, where the only issues involved are purely of fact. Under our statute the trial court may set a verdict aside but a single time. The case is retried, no question of law is
 
 *120
 
 presented for the decision of the trial court, but a second verdict is rendered, which is manifestly against the weight of the evidence. The judgment is founded upon that verdict. The error is in the verdict, not in the ruling of the court. To hold that a judgment founded purely upon an issue of fact is not subject to review, but must be satisfied whatever the evidence may have been, shocks our sense of common justice, saps at the foundation of our judicial system, and contravenes the principle of our Constitution, which now grants the right to review all judgments of the courts of common pleas.
 

 We are of the opinion that the case of
 
 Cleveland Ry Co.
 
 v.
 
 Trendel,
 
 101 Ohio St., was erroneously decided, and that it should be overruled.
 

 Kxnkade, J., concurs in the dissenting opinion.