KIRKBRIDE ET AL., EXRS., APPELLEES, *v.* HICKOK ET AL., APPELLEES; TOLEDO SOCIETY ET AL., APPELLANTS.

(No. 4344—Decided February 7, 1949.)

*Messrs. Kirkbride, Cole, Frease & Mittendorf,* for appellees Walter G. Kirkbride and others, executors.

*Messrs. Welles, Kelsey, Fuller, Cobourn & Harring-ton,* for appellees Daisy S. Hickok and others.

*Mr. Leroy E. Eastman, Mr. Harry Levison, Mr. Henry R. Bloch, Mr. Bert P. Hebenstreit, Mr. Richard D. Logan, Mr. Josiah T. Herbert* and *Mr. John R. Eastman,* committee of counsel, for appellants.

FESS, J.  Appellees moved to dismiss an appeal on questions of law and fact from a judgment of the Probate Court construing a will.  The motion is based upon the contention that the action does not involve the validity or construction of the terms of a trust and, therefore, the appeal presents only a question of law.  *Clark* v. *Clark,* 110 Ohio St., 644, 144 N. E., 743; *Crowley, Admr.,* v. *Crowley,* 124 Ohio St., 454, 179 N. E., 360.

That portion of the judgment below from which an appeal is taken relates to a finding and conclusion that the provisions of the will bequeathing certain gifts to charities are invalid by reason of the fact that the will was executed within one year prior to testator's death. Appellees contend that this question does not involve the construction of the trust, and only questions of law are involved in the appeal.

An examination of the petition discloses that the executors asked the advice and instructions of the court concerning numerous questions relating to the rights of various persons as income beneficiaries of the trust, the rights, powers and duties of the executors as well as the trustees in the administration of and distributions from the trust, and the rights and powers of the trustees to determine the persons entitled to receive the trust income.  It is apparent that the executors as well as the trustees (who intervened) asked advice and instruction concerning matters in-

volving the trust which presented equitable issues for determination by the Probate Court.

For the purpose of deciding the motion, it is unnecessary for this court to determine whether the question of the validity of these charitable gifts presents a question of law or one in equity. The instruction sought with respect to that particular question was included with a number of instructions relating to the administration of the trust. Since the petition, to a major extent, calls for the determination of equitable questions, the action was and remains one in chancery.

"A court of equity having jurisdiction of a case will retain jurisdiction of all issues therein, even though part of them are legal, and administer full relief, both legal and equitable, so far as it pertains to the same transaction or subject matter." *Clark* v. *Clark, supra,* 656.

Even though the appeal may call for the determination only of questions of law, the filing of the notice of appeal on questions of law and fact in a chancery case below appeals the entire case.

The motion is, therefore, overruled.

*Motion overruled.*

CONN, P. J., and CARPENTER, J., concur.