Middleton, J.
The plaintiffs in the trial court, Glenn Gantz and Sylvia Gantz, are appellees herein and will be referred to as Gantz. The defendant, the village of Louisville, is the appellant herein and will be referred to as the village.
*426 On August 5, 1947, Gantz filed a petition which purported to set forth three causes of action. As a first cause of action it was alleged, in detail, that the village had permitted the sewers to become clogged with dirt and refuse so as to cause water to be backed up on the premises of Gantz making their property unhealthful and unfit for occupancy. That condition, it was alleged, had existed for four years and constituted a nuisance. In the first cause of action, damages to the real property were alleged to have been suffered in the amount of $10,000.
As a second cause of action it was alleged that the conditions complained of damaged also the personal property and household furniture of Gantz to the extent of $5,000.
The third cause of action adopted the allegations of the first and second causes, except as to the allegations of damages. It was then alleged that the nuisance complained of “constitutes a subsisting and abatable nuisance, for a redress for the continuance of which plaintiffs have no adequate remedy at law.”
The prayer was for $10,000 in the first cause of action, $5,000 in the second cause of action and “that they may have an order restraining and enjoining defendant from maintaining said nuisance” and that it be abated.
To this petition the village filed a very extended answer containing seven separately numbered defenses. The answer denied that the village committed any of the acts charged against it and alleged that the conditions complained of were caused by negligent acts of Gantz and the occurrence of unusual and extraordinary rains which flooded the area.
The reply of Gantz, though rather elaborate in form, merely denied the charges made in the answer.
When called for trial on January 4, 1.949, counsel *427 agreed that the cause should be heard by the court, without a jury, to determine whether a nuisance existed and, if so, whether it should be abated; and that the question of damages should be reserved. The trial was so held, and evidence was taken on the issues joined as to the conditions complained of, the cause thereof and as to the responsibility of the village therefor. The trial judge, upon request, stated separately his conclusions of law and fact. His judgment was in favor of Gantz and against the village. The village was ordered to abate the nuisance.
The question of damages had been reserved but no request was made that the order of the court on the third cause of action be withheld until a jury trial was had on the issue of damages. On the contrary, the judgment was journalized and the village appealed therefrom. The notice of appeal recited that it was both on questions of law and on questions of law and fact. It appears that the latter was in effect abandoned although a bill of exceptions was filed. An assignment of errors was filed, briefs were prepared, and the cause was argued and submitted as an appeal on questions of law.
On October 7, 1949, the Court of Appeals rendered a comprehensive opinion saying in part:
“As to the facts in this case, from a study of this record we find ourselves in accord with the conclusions reached by the trial court in his opinion * * *.
“We find, as the trial court found, that a nuisance did exist and a very serious nuisance, which had its origin ‘in the sanitary system of the village.’ ”
Thus it appears that the entire issue raised in the third cause of action was heard and decided by the Court of Appeals. There was nothing left to try but the issue of damages.
Subsequently, in January 1950, pursuant to the *428 agreement of counsel previously mentioned, a jury was impaneled and trial was had on the issue of damages. A verdict for Gantz in the sum of $5,000 resulted.
Then a second appeal to the Court of Appeals was taken by the village and it is that appeal which precipitated the question now before this court. That notice of appeal to the Court of Appeals was filed April 6, 1950, and recited that it was on questions of law and fact and on questions of law. An appeal bond was given and a bill of exceptions was filed but no assignments of error or briefs were filed in accordance with rule 7 of the court, as applying to appeals on questions of law. Gantz filed a motion to dismiss the appeal, arguing that the equity matter had been finally disposed of so that no right of appeal on questions of law and fact existed, and that appeal on questions of law was not properly perfected. The village contends that the ease was essentially one in chancery, that the chancery character prevailed notwithstanding the postponement of the jury trial until after the question of existence and abatement of nuisance had been carried to the Court of Appeals, and that the village was entitled to appeal on questions of law and fact from the judgment based on the jury’s verdict as to the amount of damages and have a trial de novo upon the same and additional evidence.
The Court of Appeals dismissed the appeal on questions of law and fact but retained the cause as an appeal on questions of law. From that dismissal of the appeal on questions of law and fact the village has perfected its appeal to this court.
It is well settled that the question as to whether a proceeding is a case in chancery or an action at law is to be determined from the pleadings and from the issues made thereby. Hummer v. Parsons, 111 Ohio *429 St., 595, 146 N. E., 62; Wall v. Dayton Federation Co., 121 Ohio St., 334, 168 N. E., 847; J. P. Loomis Coal & Supply Co. v. Garchev, 123 Ohio St., 316, 175 N. E., 456; Nordin v. Coulton, 142 Ohio St., 277, 51 N. E. (2d), 717.
If a proceeding is essentially one in chancery although involving incidental or ancillary issues triable to a jury the court will retain it as a chancery case and administer full relief both legal and equitable so far as it pertains to the same transactions or subject matter, and such case is appealable on questions of law and fact. Kiriakis v. Fountas, 109 Ohio St., 553, 558, 143 N. E., 129; Clark v. Clark, 110 Ohio St., 644, 656, 144 N. E., 743; Hummer v. Parsons, supra.
Likewise, if a proceeding is essentially an action at law, it will not become appealable on questions of law and fact because of the presence of some issues of an equitable nature. Wall v. Dayton Federation Co., supra; Borton v. Earhart, 144 Ohio St., 334, 59 N. E. (2d), 37.
The exact procedure followed in the instant case was not followed in any of the cases above cited. The case of Bingham v. Nypano Rd. Co., 112 Ohio St., 115, 120, 147 N. E., 1, is of special interest because of the procedure followed therein. Bingham filed a petition in which he alleged employment, injury, payment to him of $8,000 and execution of a release. He alleged that the written settlement agreement did not contain the entire obligation assumed by the railroad company particularly with respect to his having a life job. In the first cause of action he prayed for reformation of the agreement and, in the second, damages for its breach as reformed in the sum of $25,000. The trial court, sitting as a court of equity, heard the issues with respect to reformation and decided that issue in favor of the plaintiff. On the next day a jury was iin *430 paneled and trial was had with respect to breach of the agreement as reformed and recovery of damages, resulting in a verdict for plaintiff in the sum of $12,000. Thereupon the judgment on the first cause of action was appealed to the Court of Appeals and the judgment on the second cause of action, upon the contract as reformed, was carried to the Court of Appeals on error. The Court of Appeals heard the appeal which involved the question of reformation and rendered judgment in favor of the railroad company. A motion in the Supreme Court to certify the record with respect to that judgment was overruled and the judgment of the Court of Appeals became final as to that feature of the case. The error proceeding which was still pending in the Court of Appeals was then heard by that court, and judgment was rendered in favor of the defendant railroad company. Upon motion, the Supreme Court admitted for review the matters involved in the error proceeding. In the opinion of the Supreme Court written by Chief Justice Marshall it is stated that the railroad company was entitled to appeal from the judgment of the trial court with respect to reformation and that upon such hearing in the Court of Appeals the judgment of the Court of Appeals on the chancery issue became final. The judgment of the Court of Appeals in the error proceeding was affirmed. In the course of the opinion, Chief Justice Marshall said:
“It is common and familiar practice to combine an action for reformation with an action for damages upon a contract as reformed, just as the plaintiff proceeded in this case. On the other hand, it would have been permissible to bring an action for reformation and have such action fully determined before proceeding to recover damages upon the contract as reformed. If the plaintiff had proceeded in a separate suit for *431 reformation it would hardly be questioned that an appeal might have been taken, and that though a judgment for reformation were entered in the Court of Common Pleas a contrary judgment could be rendered on appeal in the Court of Appeals. By perfecting an appeal the judgment of the Court of Common Pleas is utterly vacated. The railroad company could not be deprived of its right to a trial de novo of the equitable issue by the mere expedient of combining both causes of action in a single petition.”
Although a second appeal of the entire cause involving both the legal and equitable features was not undertaken in the Bingham case, as was undertaken in the instant case, the two features of the Bingham case were treated as though they were involved in separate actions and such treatment was recognized as proper. The judgment of the reviewing court with respect to the chancery feature was considered final and the questions involved in the action at law were considered as reviewable only on questions of law.
Undoubtedly Gantz could have instituted two separate actions, one for injunction and abatement which would have been equitable in character, the other at law for damages. Under Section 11306, General Code, however, it was proper to combine the two causes of action in one petition. ' If separate actions had been instituted, the one would have been appealable on questions of law and fact whereas the other would have been appealable only on questions of law. We find no authority to the effect that a right to two appeals on questions of law and fact is created by the device of combining the two causes of action in one petition.
Some difficulty might have been experienced in determining whether the instant case was primarily one at law for damages or one in chancery for injunction. By their conduct and agreement as to sequence of trial, *432 counsel solved that problem so that it is no longer presented for consideration. They, in effect, treated the proceeding as two separate actions. The injunction case was fully tried, was appealed and was fully heard by the Court of Appeals. That court passed upon all issues as to the existence and cause of the alleged nuisance. It held that the nuisance existed, that the village was responsible for its existence, and that it should be abated. No appeal from that judgment was undertaken. That decision became final.
A year after the first trial, the damage or law question was tried to a jury and the trial court properly confined the evidence to the extent of damage suffered and the amount in money which should be allowed as compensation therefor.
An appeal from that judgment of the trial court could be taken only on questions of law. The village was not entitled to a second appeal on questions of law and fact.
The village places great reliance upon the case of J. P. Loomis Coal & Supply Co. v. Gorchev, supra, but the facts of that case and those of the instant case are not similar. In the Iuoomis case there was but one appeal. It was from the judgment of the trial court immediately following the trial to the court on the question of injunction. The question of damages had been reserved. It was argued that the Court of Appeals did not have jurisdiction to entertain an appeal on questions of law and fact. The Supreme Court held that the Court of Appeals did have such jurisdiction in that case and that it did not commit error in entertaining the appeal, passing upon the question of injunction and then remanding the cause for determination of damages. No question of a second appeal was involved.
It is the conclusion of this' court that the village of.
*433 Louisville was not entitled to an appeal on questions of law and fact from the judgment of the trial court on the question of damages.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias and Hart, JJ., concur.