Bell, J.
The first question raised in this appeal is whether, as a matter of law, the testimony of witnesses who were convicted of, or charged with, felonies is unworthy of belief and entitled to no credibility!
To determine the basis of the decision of the Court of Appeals in regard to these witnesses, since nothing referring thereto is found in the entry, it is necessary to look to the opinion of the court: .
“We have studiously considered the long and somewhat confusing record respecting the charge that appellant had solicited professional employment in the county jail, and had asked other persons to make solicitations in his behalf, alleged in six of the seven specifications, and all we can find on the one hand is the uncorroborated testimony of the several prisoners who made the respective charges and on the other, the positive denial of appellant as to each.”
It is obvious that the Court of Appeals looked upon this testimony in either of two ways — that it was incompetent or that it was entitled to no credibility.
Under the common law, a person convicted of a felony was not competent as a witness. This common-law rule was by statute abrogated in Ohio as to civil actions in 1853 (51 Ohio Laws, 57) and as to criminal actions in 1869 (66 Ohio Laws, 308).
Section 2317.01, Revised Code, successor to the first of those statutes, reads:
*38 “All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.”
Section 2945.42, Revised Code, successor to the second, reads, in part, as follows:
“No person is disqualified as a witness in a criminal prosecution by reason of his interest in the event thereof as a party or otherwise, or by reason of his conviction of crime. * * *”
These statutes clearly provide that the testimony of witnesses either convicted or charged with felony is corhpetent. Since the testimony of such witnesses is competent, we are led to the further question: Who shall determine the credibility of such witnesses?
It is universally accepted that the jury, or the trial court where there is no jury, is the sole judge of the credibility of witnesses and of what weight is to be given their testimony. Smiley v. Dewey, 17 Ohio, 156; Sharp v. State, 16 Ohio St., 218; Hollenbeck v. McMahon, 28 Ohio St., 1. The principle is stated as follows in 5 Corpus Juris Secundum, 569, Appeal and Error, Section 1645 :
“The appellate court will not pass on the credibility of witnesses which is a question solely for the determination of the jury. Further, the appellate court will not pass on the credibility of witnesses which is question for the trial court in cases tried without a jury, or a master or referee before whom the witness testified. The reason is that the judge or the jury who see and hear the witnesses testify and who observe their demeanor and appearance on the witness stand are in a better position to determine the credibility of the witnesses than the appellate court is by reading their evidence as it appears in the record.”
A proceeding to suspend or remove an attorney at *39 law from office is strictly statutory and constitutes an action at law only, and the only appeal provided in such proceeding is one on questions of law. Section 4705.04, Eevised Code, reading, “In case of suspension or removal of an attorney at law by the Court of Common Pleas, an appeal on questions of law may be had to the Court of Appeals * * (Emphasis added.)
This court has held that a disbarment proceeding is not a chancery case in which a trial de novo may be had in the Court of Appeals. In re Hawke, 107 Ohio St., 341, 140 N. E., 583.
Whether there is sufficient evidence to sustain the finding of the trial court is a question of law. If the Court of Appeals had determined in this case that the finding was not sustained by sufficient evidence, it would have been justified in dismissing the charges. And in an appeal on questions of law, if there is sufficient evidence in the record to warrant the finding of the Court of Common Pleas, the Court of Appeals may nevertheless decide that such finding is against the weight of the evidence. In that event, the only power of the Court of Appeals is to order a new trial. State v. Robinson, 162 Ohio St., 486. But the Court of Appeals can not substitute its judgment as to what the evidence shows for that of a jury or a three-judge court. State v. Robinson, 161 Ohio St., 213, 118 N. E. (2d), 517; Henry v. Henry, 157 Ohio St., 319, 105 N. E. (2d), 406.
The opinion of the Court of Appeals clearly indicates that it substituted its judgment as to the credibility of the witnesses for that of the three-judge trial court.
The second question raised in this appeal is whether evidence of a prior suspension of an attorney at law is admissible in a subsequent hearing on charges of misconduct by such attorney.
*40 The trial court admitted in evidence the record of appellee as noted on the records of the Clerk of the Supreme Court of Ohio. This record contains information concerning appellee at the time of his admission to the practice of law in this state, a prior suspension by the Common Pleas Court of Cuyahoga County of his right to practice, and the status of his license to practice at the time of the trial from which this appeal arose.
In regard to this evidence, the Court of Appeals in its opinion said:
“Having been reinstated, the presumption obtains that appellant had experienced such reformation in respect to the observance of his professional duties and obligations that justified the court in entering an order of reinstatement. The admission of this record in the instant case had for its purpose, and in effect was, a collateral attack on the judgment of reinstatement. The reception of this evidence was clearly erroneous and prejudicial.”
With this conclusion of the Court of Appeals we can not agree.
The purpose of a disbarment proceeding was stated as follows by this court in In re Thatcher, 80 Ohio St., 492, 667, 89 N. E., 39:
“* * * whether he has shown himself, by lack of appreciation of ethical standard and by unworthy conduct, tobe no longer to or thy of being recognized as an officer of the courts.” (Emphasis added.)
The privilege to practice law is not a vested property right; it is a conditional privilege, a license. In re Thatcher, 190 F., 969. The acquiring of that license in the first instance is dependent not alone upon the completion of a course of study and the passing of a bar examination, but equally upon the applicant’s being a person of good moral character. Although there is no provision for a periodic inquiry into an attor *41 ney’s intellectual fitness to continue to practice, a disbarment proceeding provides the means for ascertaining his continued moral fitness to practice.
The purpose of disbarment is not to punish the individual. It is intended to protect the public, the courts and the legal profession. Thus the moral character of an attorney is at all times to be scrutinized for the purpose of insuring that protection. And such moral character is necessarily at issue in a disbarment proceeding. If a prior attempt at discipline has been ineffective to provide the protection intended for the public, then such further safeguards should be imposed as will either tend to effect the reformation of the offender or remove him entirely from the practice. The discipline for a repeated offense may be much greater than would have been imposed were it a first offense, yet such greater discipline is not a meting out of further punishment for prior acts but is a determination of the attorney’s fitness to practice.
Even if, as stated by the Court of Appeals, a reinstatement raises a presumption of reformation, such a presumption is rebuttable and disappears in the presence of testimony of a course of conduct inconsistent with the presumption.
We believe the introduction of the record of the appellee as shown in the records kept by the clerk of this court was proper as reflecting on the character of the appellee and in determining the severity of the discipline.
The final question raised in this appeal is the degree of proof required in a disbarment proceeding.
The Court of Appeals said:
“With all due respect for the trial court, it is our conclusion that the evidence in support of the several charges * * * does not possess the quality of being clear and convincing * *
This degree of proof has been adopted by some of *42 the lower courts of Ohio. In re Chappell, 12 Ohio Opinions, 499, 27 Ohio Law Abs., 569, 33 N. E. (2d), 393. In 6 Ohio Jurisprudence (2d), 124, Attorneys at Law, Section 116, it is stated:
“In Ohio, the reviewing court in a disbarment proceeding is without power either to suspend, reprimand, or remove the respondent for misconduct or unprofessional conduct in office involving moral turpitude until it is shown by clear and convincing evidence that he has been guilty of such charges.” (Citing In re Chappell, supra.)
Although this question has never been decided by this court, it has been determined by the courts of last resort in many other jurisdictions. A review of the decisions from those jurisdictions reveals that the degree of proof required varies from “preponderance of the evidence ” to “ clear preponderance, ” “ clear and satisfactory,” “clear and convincing,” “reasonable certainty,” “clear and free from doubt,” and “beyond a reasonable doubt.” See 105 A. L. R., 984.
The degree of “clear and convincing,” adopted by the Court of Appeals in this case, is the degree of proof required in a chancery proceeding. This court has held that a disbarment proceeding is not a chancery case. In re Hawke, supra. Nor is it a criminal proceeding. It is a purely statutory proceeding, neither civil nor criminal, instituted by order of the court to safeguard the courts and to protect the public from the misconduct of those who are licensed to practice law. We do not believe it is consistent with this duty to protect the public to require a degree of proof that is but little short of that required in a criminal proceeding.
. Although the verdict in a disbarment proceeding is “guilty” or “not guilty,” the proceeding is civil in character. Similarly, in a proceeding to determine the paternity of an illegitimate child,, the verdict is *43 “guilty” or “not guilty.” But the proceeding is civil in character and “preponderance of the evidence” is the required degree of proof. See State, ex rel. Gill, v. Volz, 156 Ohio St., 60, 100 N. E. (2d), 203.
We do not believe that there is any rule in this state establishing for a disbarment proceeding the intermediate degree of proof adopted by the Court of Appeals. We believe, and therefore hold, that the degree of proof required in a disbarment proceeding is that required in an ordinary civil action, a preponderance of the evidence.
The appellee’s third assignment of error before the Court of Appeals read as follows:
“Finding the appellant guilty of said charges'was against the manifest weight of the evidence.”
The Court of Appeals did not pass upon the weight of the evidence in its consideration of this cause.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals to consider and pass upon the weight of the evidence in accordance with this opinion.

Judgment reversed.

Weygandt, C. J., Matthias, Zimmerman, Stewart and Taft, JJ., concur.
Hart, J., concurs in paragraphs one, two, three and four of the syllabus but dissents from paragraph five of the syllabus and from the judgment.