Stewart, J.
As to objection No. 1, we are of the opinion that Pleasant is mistaken in his view that the entire procedure in this case is based upon the assumption that he occupied an adverse position and represented adverse and conflicting interests. He strenuously contends that in a proceeding to determine heirship there can really be no conflicting interests, the sole question being who is the heir, and that, therefore, in representing first cousin Wright he was in no sense hostile to the second cousins, who had called him originally and set in motion the proceedings to make him administrator of the estate. It is, however, a fact that Pleasant made an agreement to represent first cousin Wright and received from him 40 per cent of the entire proceeds of the estate, without letting the second cousins know of his' relationship with Wright and without disclosing his arrangement to the court.
Pleasant, as the administrator, was entitled to represent. *333 himself as administrator and was likewise entitled to receive an allowance for legal services, both ordinary and extraordinary, but, nevertheless, such services should be paid for either by allowance by the Probate Court or after a full disclosure to the court as to any private arrangement he had with an heir of the estate to pay for such services. That he was found to have committed fraud upon the Probate Court was based upon the fact that he failed to disclose to the court or to any one else, except the person who had signed the contract with him, his arrangement to receive 40 per cent of the estate.
As to objection No. 2, Pleasant strenuously contends that the panel and the courts have assumed that there was a rule of the Cuyahoga County Probate Court requiring an attorney to report an attorney fee, and that the testimony demonstrates there was no such rule.
Assuming that such rule did not exist, there is a statute in Ohio, Section 2113.36, Revised Code (Section 10509-193, General Code), which reads in part as follows:
“ * * * wji.en an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof. * * * ”
It is obvious that the law of Ohio contemplates that the attorney fees in the administration of an estate shall be allowed and determined by the Probate Court, and, if they are to be paid under a contract with an heir of the estate, who is being represented by the administrator as attorney, such arrangement shall be disclosed to the Probate Court, not only because of the statute above referred to, but as a protection against any overreaching.
As to objection No. 3, that Pleasant was not advised of the charges he was called upon to answer, and that certain requests and motions made by him were never acted upon by the panel before, during, or after the hearing, we are of the opinion that there is no merit therein.
*334 A reading of the record of the proceedings before the panel demonstrates that Pleasant and his counsel were fully aware of what they were called upon to meet.
Objection No. 4 is to the effect that Rule XXYII of this court, under which the present proceeding was brought and conducted, is unconstitutional, and it is strenuously contended (1) that the Supreme Court may not by rule legislate or amend the statutes of Ohio and restrict the inherent power of a lower court; (2) that an attorney may not be deprived of his right to practice law without the right of hearing before any court in this state unless the Supreme Court permits such hearing; and (3) that the Supreme Court may not delegate its judicial powers to a board of commissioners with power to make final judicial determinations.
In reference to such contentions, this court is firmly of the opinion that both the admission to the practice of law and the disciplining of those who have been admitted to practice are matters which come within the inherent powers of the judicial branch of the government, and that, although this court recognizes that the legislative branch may by statute provide standards and qualifications for admission to the bar and methods for the initiation and conduct of proceedings to disbar, suspend, or otherwise discipline attorneys for specified causes, such legislation is to be interpreted as an aid to and not as a limitation on the power of the judicial branch in these respects. In re McBride, 164 Ohio St., 419, 132 N. E. (2d), 113.
In the case of In re Thatcher, 80 Ohio St., 492, 89 N. E., 39, this court held that “the Supreme Court of Ohio has inherent jurisdiction of proceedings to disbar an attorney, resulting as an incident of its organization as a court, as well as from its power to admit to the Bar.”
This pronouncement has never been questioned, except by a dictum in the opinion in the case of In re Hawke, 107 Ohio St., 341, 140 N. E., 583. This dictum was in no way related to the question before the court and was not carried into the syllabus of the case.
In the Hawke case, there had been a judgment of disbarment in the Court of Common Pleas, and it was claimed that *335 there could be an appeal from that judgment as in a chancery proceeding. This court held simply that there could be no such appeal, and that chancery cases do not now and never have comprehended proceedings for disbarment or suspension of attorneys at law. See, also, In re Disbarment of Lieberman, 163 Ohio St., 35, 125 N. E. (2d), 328.
Obviously, the whole matter with reference to the power to admit attorneys to the practice of law and to disbar, suspend, or otherwise discipline them after admission has been settled in the case of In re McBride, supra.
The first paragraph of the syllabus of the McBride case reads as follows:
“The power to admit attorneys to the practice of law and to disbar, suspend, or otherwise discipline them after admission rests inherently in the judicial branch of the government. ’ ’
There can be no question now of the inherent power of this court as to the disciplining of attorneys and, therefore, of its power to provide by rule the procedure in reference to hearings upon such questions. That is all that was contemplated in the establishment of the Board of Commissioners on Grievances and Discipline. Such board or its panels have no power to discipline an attorney, except with reference to a private reprimand, and surely that can not constitute a judgment, for the power to give such a reprimand would be inherent without any authorization by this court. As to any other disciplinary action, all that the board can do is to investigate and make findings of fact and recommendations, and the only order or decision is made solely by this court.
As to the contention that, assuming that disbarment is a matter inherent in the judicial branch of the government, it must be inherent not only in the Supreme Court but likewise in all lower courts, Section 1, Article IV of the Ohio Constitution, reads:
“The judicial power of the state is vested in a Supreme Court, Courts of Appeals, Courts of Common Pleas, Courts of Probate, and such other courts inferior to the Courts of Appeals as may from time to time be established by law.”
The contention that the Supreme Court can not deny the *336 inherent power of Courts of Common Pleas, with reference to disciplinary actions against attorneys, would be a matter of concern if that question were before us. However, since the present case is one in which only the inherent power of the Supreme Court to discipline an attorney is concerned, and since Rule XXVII only concerns itself, so far as the matter is now before us, with the procedure for exercising disciplinary action before this court, we are impelled to hold that there is nothing unconstitutional about the rule so far as it applies to the present case.
Prom what we have said, we overrule the objections to the final report of the Board of Commissioners on Grievances and Discipline, including the findings of fact and recommendations of such board, and confirm such report.

Report confirmed and judgment accordingly.

Weygandt, C. J., Zimmerman, Taet, Matthias, Beil, and Herbert, JJ., concur.