Jones, J.
 

 It was conceded by counsel in open court that the Court of Appeals refused to review the weight of the evidence submitted in the trial court because it thought itself precluded from so doing by the decisions in the
 
 Trendel
 
 and
 
 Heil cases, supra.
 

 Furthermore, the opinion of the Court of Appeals states that that court did not consider the weight of the evidence, because it felt itself precluded from so doing. We are therefore constrained to esamine the two eases referred to, for the purpose of determining whether the principle announced in those cases should be adhered to or overruled.
 

 
 *18
 
 In the
 
 Trendel case, supra,
 
 the court held that where a trial court has granted one new trial upon the weight of the evidence it is prohibited by Section 11577, General Code, from granting a second new trial upon the same ground; and that the Court of Appeals was without power, because of such section, to determine whether in fact the second verdict was manifestly against the weight of the evidence.
 

 That case was decided upon the fallacious reasoning that since no error could be committed by the trial court in refusing to grant a second trial upon the weight of the evidence, no judgment of reversal could be sought in the reviewing court by reason thereof.
 

 Since the author of this opinion wrote the dissenting opinions in the
 
 Trendel
 
 and
 
 Heil cases, supra,
 
 it is perhaps a work of supererogation on his part to enlarge or amplify the views stated in his opinions in those cases.
 

 Section 6, Article IV, of the Ohio Constitution, adopted in 1912, provides that the Courts of Appeals shall have appellate jurisdiction “to review, affirm, modify or reverse the judgments of the courts of common pleas,” etc. In numerous cases we have held that the General Assembly, under that provision of the Constitution, no longer has power to enlarge or limit the jurisdiction conferred on the Court of Appeals.
 
 Cincinnati Polyclinic
 
 v.
 
 Balch,
 
 92 Ohio St., 415, 111 N. E., 159;
 
 Wagner
 
 v.
 
 Armstrong,
 
 93 Ohio St., 443, 113 N. E., 397;
 
 Haas
 
 v.
 
 Mutual Life Ins. Co.,
 
 95 Ohio St., 137, 115 N. E., 1020;
 
 Complete Bldg. Show Co.
 
 v.
 
 Albertson,
 
 99 Ohio St., 11, 121 N. E., 817;
 
 Craig
 
 v.
 
 Welply,
 
 104 Ohio St., 312, 136 N. E., 143;
 
 In re Hawke,
 
 107 Ohio St., 341, 140 N. E., 583;
 
 State, ex rel. Medical Centre Co.,
 
 v.
 
 Wallace, Clerk,
 
 107 Ohio St., 557, 140 N. E., 305.
 

 The case last cited is particularly apt and decisive of the instant question. A defeated litigant in the
 
 *19
 
 Nisi Prius Court tendered Ms petition in error to the Court of Appeals, seeMng a review of the trial court. The Legislature of the state had enacted a law providing that no petition in error could be filed in the Court of Appeals except upon leave (Section 1579-36, General Code). The clerk refused to receive and file the petition in error until that leave was first obtained. By the unanimous concurrence of all the judges, this court held:
 

 “1. The jurisdiction of the Court of Appeals is fixed by the Constitution, and the Legislature may not add to or subtract from the jurisdiction thereof defined in Section 6, Article IV, of the Ohio Constitution as amended in 1912.
 

 “2.
 
 Section 1579-36, General Code, in so far as it operates as a restriction or limitation upon the jurisdiction of the Court of Appeals to review error proceedings from the municipal court of the city of Cleveland, is unconstitutional and void.”
 

 The decisions in the
 
 Trendel
 
 and
 
 Heil cases, supra,
 
 in effect nullify the quoted constitutional provision. They hold in substance that by the adoption of Section 11577, General Code, the Legislature abridged the right of review when it curtailed the power of the Common Pleas Court. If the Legislature has that power, what is there to prevent it from passing a law denying the right of a trial court to grant a second trial for any cause? Let us assume the hypothesis that the General Assembly should pass a statute providing that the Common Pleas Court may sustain a demurrer to a pleading but a single time, or that the trial court shall not grant a new trial the second time because the amount of the verdict is grossly excessive. This would be tantamount to a legislative limitation upon the right of review distinctly given to the Court of Appeals by the Constitution. It is tantamount to a legislative fiat declaring there shall be but one trial and no review upon one of the vital and
 
 *20
 
 essential elements entering into the decision of the trial court. In its practical operation under our judicial system this principle is of transcendental importance. Let us assume that the Legislature passes an act prohibiting the trial court from awarding a second trial because the amount of the verdict is grossly excessive. Lawyers as well as courts know that a mass of the litigation between contending litigants arises purely out of questions of fact where no principles of law are involved. Let us take a hypothetical case: The Legislature passes a law prohibiting a second trial because the amount of the verdict is grossly excessive. Smith sues Brown and recovers a verdict grossly excessive. A new trial is awarded by the trial court on that ground. A second jury returns a verdict more grossly excessive and in ten times the amount awarded at the first trial. Is it possible that the hands of the reviewing courts, both Appellate and Supreme, are precluded from reaching into the record and reviewing the cause as it was presented to the trial court? Are their hands to be so shackled that they cannot examine the second verdict, however unconscionable or grossly unjust that verdict may be?
 

 In my opinion on page 120 in the
 
 Heil case, supra,
 
 I said: “To hold that a judgment founded purely upon an issue of fact is not subject to review, but must be satisfied whatever the evidence may have been, shocks our sense of common justice, saps at the foundation of our judicial system, and contravenes the principle of our Constitution, which now grants the right to review ali judgments of the courts of common pleas.”
 

 This view is reinforced by another provision of Section 6, Article IV, of the Constitution, which reads:
 

 “No judgment of a court of common pleas * * * shall be reversed except by the concurrence of all
 
 *21
 
 the judges .of the court of appeals on the weight of the evidence * #
 

 That provision of the Constitution connotes the fact that judges of the Court of Appeals under our Constitution have the right to pass on the weight of the evidence, limited only by the requirement that this shall be done by the concurrence of all the judges of that court.
 

 And again: Not only does the provision of our Constitution alluded to grant plenary power to reverse all judgments of the trial court, but the Debates of the Constitutional Convention, as well as the explanatory matter officially sent out to the electorate of the state and embodied in a pamphlet for the guidance of the electorate, disclose that one trial and one or more reviews were to be had under our constitutional amendments. These explanations, found in the issued pamphlets immediately under the title Section 6, Article IV, of the proposed Constitution, were as follows:
 

 “Under the existing judicial system which this amendment proposes to change, an action first tried in the court of common pleas, is carried thence to the circuit court for review, and thence to the Supreme Court for the same purpose, and either of the two courts may reverse the judgment and send it all back to the beginning in the court of common pleas. * * * This (proposed amendment) reduces proceedings to ‘one trial and one review,’ ” etc.
 

 For the reasons stated, it is the opinion of this court that the decisions in the
 
 Trendel
 
 and
 
 Heil cases, supra,
 
 permitting the abridgment of the constitutional right of review given to the Courts of Appeal, are unsound in law and they are both overruled.
 

 Since this cause is to be remanded to the Appellate Court for its consideration respecting the weight of the evidence, we do not feel inclined to comment upon the evidence detailed in this record, especially upon
 
 *22
 
 that, part relating to the contributory « negligence which defendant, plaintiff in error here, so insistently relies on. in the printed brief.
 

 The other errors assigned are chiefly those which arise in the charge of the court. The portions of the charge relating to negligence and contributory negligence fully and properly covered those issues. The issue relating to contributory negligence on Rowley’s part was fully presented in six of the seven special charges given befoire argument at defendant’s request. No. 6 which was refused was substantially couched in language similar to that found in defendant’s request No. 7 which was given; therefore, no error was committed by such refusal.
 

 While the issue whether the accident occurred at a closely built up portion of a street in a municipality may be for the court under conceded facts
 
 (Community Traction Co.
 
 v.
 
 Konte,
 
 122 Ohio St., 514-521, 172 N. E., 442), the court in the instant case did not err in leaving that issue to the jury, since it clearly appears that this crossing was in a closely built up portion of the municipality. If error did intervene, it was prejudicial, not to the defendant, but to the adverse party.
 

 The charge of the court is more prolix than necessary and is challenged by defendant, plaintiff in error here, for various reasons. The court read Sections 12603 and 12603-1, General Code, to the jury. It is now contended that, while the court charged that violations of those sections were negligence
 
 per se,
 
 it did so without explaining the circumstances or defining what was meant by
 
 prima facie
 
 lawful or unlawful speed. There was no prejudicial error in this respect, since the defendant below did not request a charge upon that feature.
 

 The exception to the charge was a general one. While other errors, less material, are urged, this court is of opinion that none were committed by the
 
 *23
 
 trial court which, prejudiced the just rights of the defendant. The only prejudicial error intervening upon this record is that committed by the Appellate Court in refusing to consider the weight of evidence presented in the Nisi Prius Court.
 

 The judgment of the Court of Appeals will be reversed and the cause remanded to that court, with instructions to consider the case on the evidence.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Bevts and Wilkin, JJ., concur.