Matthias, J.
 

 The same general jurisdictional question is presented in both of these cases. In the first case, a petition in error was filed directly in this court
 
 *245
 
 upon the theory that the procedure is governed and controlled by statutes enacted pursuant to Section 21 of Article II of the Constitution which provides that: “The general assembly shall determine, by law, before what authority, and in what manner, the trial of contested elections shall be conducted”; while in the latter case a petition'in error was filed in the Court of Appeals upon the theory that the procedure was controlled by the provisions of Section 6 of Article IV of the Constitution, which confers upon the Court of Appeals jurisdiction to “review, affirm, modify or reverse the judgments of the court of common pleas.”
 

 It has been declared by this court in numerous cases that the jurisdiction of the Court of Appeals as well as that of the Supreme Court is fixed by the Constitution of the state and that the legislature has not the power to limit or enlarge the jurisdiction thus conferred.
 
 Cincinnati Polyclinic
 
 v.
 
 Balch,
 
 92 Ohio St., 415, 111 N. E., 159;
 
 Wagner
 
 v.
 
 Armstrong,
 
 93 Ohio St., 443, 113 N. E., 397;
 
 Haas
 
 v.
 
 Mutual Life Ins. Co.,
 
 95 Ohio St., 137, 115 N. E., 1020;
 
 Complete Bldg. Show Co.
 
 v.
 
 Albertson,
 
 99 Ohio St., 11, 121 N. E., 817;
 
 Craig
 
 v.
 
 Welply,
 
 104 Ohio St., 312, 136 N. E., 143;
 
 In re Hawke,
 
 107 Ohio St., 341, 140 N. E., 583;
 
 State, ex rel. Medical Centre Go., v. Wallace, Clerk, 107
 
 Ohio St., 557, 140 N. E., 305;
 
 Werner
 
 v.
 
 Rowley,
 
 129 Ohio St., 15, 193 N. E., 623;
 
 State, ex rel. Nichols,
 
 v.
 
 Gregory et al., Industrial Commission,
 
 130 Ohio St., 165, 198 N. E., 182.
 

 The constitutional provisions above referred to, being Section 2 and Section 6 of Article IV, relate to judicial powers. It has long been held, however, that elections belong to the political branch of the government and that the power conferred by the General Assembly of the state through authorization by Section 21 of Article II of the Constitution to “determine, by law, before what authority, and in what manner, the trial of contested elections shall be con
 
 *246
 
 ducted” is not judicial power within the meaning of Section 1 of Article IV of the Constitution. Indeed, it was held in
 
 Thompson
 
 v.
 
 Redington,
 
 92 Ohio St., 101, 110 N. E., 652, that this “is no longer an open question in Ohio.” There has been no announced or intimated modification of the principle recognized, approved and applied in that case. As there held, broad power is conferred by such constitutional provision upon the General Assembly with regard to the trial of election contests and the manner of the procedure therein; and that such power may be delegated to the courts of the state or to any other authority it may choose to designate.
 

 Pursuant to the power conferred, the General Assembly enacted Sections 4785-166 to 4785-174, inclusive, General Code, wherein it is provided that an election contest, such as that involved in each of these cases, shall be heard and determined by a judge of the Court of Common Pleas of the county in which the contest arose. Section 4785-172, General Code, provides for the prosecution of error directly to this court, and directs that “the laws and rules of the court governing error proceedings shall apply in the error proceedings of contested election cases.”
 

 We are not in accord with the narrow construction of the provision of Section 21 of Article II of the Constitution urged upon us by counsel. It is to be observed that the statutes cited provide that certain contests shall be heard and determined by the Supreme Court, others in the Court of Appeals and still others in the Court of Common Pleas, proceeding in error in the Supreme Court being provided in all cases except those originating in that court under the provisions of the statute. We are of the opinion that the constitutional provision is sufficiently broad to fully authorize the procedure prescribed by the General Assembly for the determination of contested elections,
 
 *247
 
 and that the method prescribed pursuant to the power thus conferred is exclusive.
 

 We therefore reach the conclusion in the case of
 
 Davis
 
 v.
 
 Watts,
 
 that the Court of Appeals did not have jurisdiction and hence its action in dismissing the petition in error on that ground is right and is affirmed.
 

 In the
 
 Foraker ease,
 
 the plaintiff in error therein, insisting upon the validity of the procedure prescribed by statute, failed to comply with an essential provision thereof. One of the laws “governing error proceedings” which Section 4785-172, General Code, provides “shall apply in the error proceedings of contested election cases” is comprised in Section 12251, General Code, which is as follows: “Except as to the judgment or final order of the court of appeals or a judge thereof, in cases involving questions under the constitution of the United States, or of this state, and in cases which originated in the court of appeals, no petition in error shall be -filed in the supreme court in cases over which it has jurisdiction without its leave, or that of a judge thereof.”
 

 Concededly, such leave was not obtained. The want thereof having been challenged by the defendant in error, the petition in error must be dismissed. The motion heretofore presented is now sustained in accordance with the action of this court in
 
 Duncan
 
 v.
 
 Pogue,
 
 126 Ohio St., 377, 185 N. E., 553.
 

 Petition in error dismissed in cause No. 25342.
 

 Judgment affirmed in cause No. 25370.
 

 Stephenson, Williams, Jones, Day and Zimmerman, JJ., concur.
 

 Weygandt, C. J., concurs in the judgment in cause No. 25342, and dissents from the judgment in cause No. 25370.