Myers, J.
 

 While the principal question before the
 
 *292
 
 court in this case concerns the jurisdiction of the Court of Appeals, first we shall give consideration to 'the claim of the defendant that the Common Pleas Court erred in overruling the defendant’s motion to strike the amended petition from the files. The defendant maintains that the amended petition represented a new cause of action and that there had been an election of remedies by the plaintiff when he filed the original petition. The question of election of remedies has been before this court a number of times, but the principle running through all of the decisions is toward liberality in amending pleadings in furtherance of justice, especially where the facts are the same and where the amended pleading does not catch the defendant by surprise. Defendant places considerable reliance upon the case of
 
 Frederickson
 
 v.
 
 Nye,
 
 110 Ohio St., 459, 144 N. E., 299, 35 A. L. R, 1163. That case is readily distinguishable from the instant case for the reason that the facts were essentially different from the circumstances we have here. In the case of
 
 Frederickson
 
 v.
 
 Nye
 
 one petition was in equity while the other was an action at law in deceit. In one petition ik was sought to establish a constructive trust while in the other the prayer was for a money judgment.
 

 In the instant case the facts pleaded and presented in court by plaintiff and defendant were practically the same in both trials. The essential facts were the same in both the original and amended petition. In each the plaintiff asked for the sum of $5050 for failure of defendant to deliver the stock. The prayer of the petition and of the amended petition were exactly the same. The defense in both trials was identical — that the Transamerica Corporation stock had been delivered by the defendant. And finally the verdict and judgment in both trials were exactly the same, except for added interest on account of additional time.
 

 Here each side knew what the position of the other
 
 *293
 
 side was. Reduced to lowest terms, defendant knew that plaintiff wanted his money back for the reason that he had never received the stock, and plaintiff knew that the defense of the defendant would be that it had delivered the stock. That being true, the defendant was not caught by surprise by the filing of the amended petition. While it was filed out of rule and without leave of court, nevertheless, when defendant filed the motion to strike it from the files, it received the consideration of the trial court and that court having exercised its discretion at the time and having allowed the pleading to stand in the furtherance of justice, we are obliged to conclude, in the light of all the circumstances, that there was no prejudicial error in refusing to grant the motion to strike the amended petition from the files.
 

 This brings us to the second and more important question in this case. It concerns the jurisdiction of the Court of Appeals.
 

 The direct question here is whether a Court of Appeals may grant more than one judgment of reversal on the weight of the evidence against the same party in the same case. It involves Section 11577, General Code, which reads as follows:
 

 “The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case.”
 

 In order to obtain a clear comprehension of this question, it is necessary at once to exclude from consideration the granting of more than one judgment of reversal on all other questions except on the weight of the evidence alone. The statute does not affect the right of a Court of Appeals to grant as many reversals as it deems proper on all other questions. The statute merely provides that in respect to the weight of the evidence, of which the jury is the judge, the
 
 *294
 
 judgment shall not be reversed by the Court of Appeals more than once.
 

 The entire question before us revolves around the “weight of the evidence” and “right of trial by jury.” If by proper analysis we are able to harmonize the right of trial by jury with the jurisdiction of a Court of Appeals to review a judgment of an inferior court as set forth by the Constitution, we may be able to arrive at the right conclusion.
 

 Article IV, Section 6, of the Constitution of Ohio, confers appellate jurisdiction upon the Courts of Appeals in language as follows:
 

 “The courts of appeals shall have *
 
 * *
 
 appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law * * *. No judgment of a court of common pleas, a superior court or other court of record shall be reversed except by the concurrence of all the judges of the court-of appeals on the weight of the evidence, and by a majority of such court of appeals upon other questions * * *.”
 

 Upon first reading the appellate jurisdiction granted in that section to review judgments of the Courts of Common Pleas and other courts of record seems to be absolute and unqualified. If there were no other provisions in the Constitution to be taken into consideration a decision could easily be made. However, there are two sections in the Bill of Rights of our Constitution which command equal consideration. The first is Section 5 of Article I, which reads as follows:
 

 “The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury.”
 

 Before the amendment of 1912 this section read as follows:
 

 
 *295
 
 “The right of trial by jury shall be inviolate.”
 

 By the addition of the amendment providing for a three-fourths verdict the Constitutional Convention of 1912 clearly did not intend to take away any of the rights or powers theretofore had by the jury. The amendment appears to point in the other direction— that the administration of justice shall be kept as close to the people as possible and to prevent undue delay wherever possible.
 

 Another part of the Constitution which commands our consideration is Section 16, of Article I, of the Bill of Bights, which reads in part as follows:
 

 .“All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.”
 

 Here we have two sections of the Bill of Rights protecting not only the right of trial by jury, which unlimited reversals upon the weight of the evidence would nullify, but also a guarantee that justice shall be administered without denial or delay, which guarantee also would be violated if an unlimited number of reversals were to be granted upon the weight of the evidence.
 

 Now in the light of these constitutional provisions, let us examine Section 11577, General Code, which has a rather interesting history. In 1898, Section 5306, Revised Statutes, 93 Ohio Laws, 217, was amended as follows:
 

 ‘ ‘ The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case.”
 

 This section was undoubtedly amended in the spirit of Section 16, Article I, of the Bill of Rights, herein-above referred to, providing that justice shall be administered without denial or delay.
 

 After the amendment of the statute in that form in 1898, it became the practice to take cases to the Circuit
 
 *296
 
 Courts and there obtaining reversals on the weight of the evidence more than once, which the trial courts then were not permitted to grant. This practice grew to such proportions that ten years later, in 1908 (99 Ohio Laws, 454), the statute was amended into its present form by adding to the statute of 1898 the following: “nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case”.
 

 This amendment of the statute was directed against the then existing Circuit Courts which in 1913 became the Courts of Appeals. That statute, which became Section 1Í577 of the General Code, has remained in the same form for more than a quarter of a century.
 

 The next question which we are required to examine is whether the constitutional amendment, Section 6 of Article IY, as adopted in 1912, renders Section 11577, as' relating to the Courts of Appeals, unconstitutional and void. In 1908 there could be no question about the validity of that statute for the reason that the Constitution of Ohio then provided that: “The circuit courts shall have * * * such appellate jurisdiction as may be provided by law. ”
 

 The present Constitution uses the same phrase in the judicial amendment of 1912. It names the appellate jurisdiction the Courts of Appeals shall have and then states “as may be provided by law”. That same phrase has been used in our organic law ever since 1851. It was used in the judicial amendment of the Constitution in 1883. In the consideration of the instant case it is only necessary to interpret that phrase to mean that the Courts of Appeals shall
 
 exercise
 
 the jurisdiction named in the Constitution
 
 m the manner provided by lam.
 
 The Constitution does not s'et forth the procedure for exercising that appellate jurisdiction. That is left for the legislative power of the state which may be either the General Assembly or the
 
 *297
 
 people themselves through the initiative and referendum as provided in Article II of the Constitution.
 

 In our further examination of this question, we find that Section 11577 was in force both before and after the change in our judicial system by the constitutional amendment of 1912. This statute being valid beyond dispute when amended in 1908, we may now ask whether the Constitutional Convention intended to return to the Courts of Appeals that unlimited power to reverse on the weight of the evidence, which had been taken away from the Circuit Courts in 1908? A close examination of the proposals and debates in that convention reveals no such purpose. The tendency appears to have been in the other direction — to eradicate and minimize as far as possible all undue delay in the administration of justice. In fact, the one recurring phrase heard throughout the debates was “one trial and one review,” the very essence of Section 11577 here under discussion. In fact, that very phrase was used in the explanation of the change of the judicial system, contained in the pamphlet authorized by the convention to be distributed to the people before the vote thereon in the election of 1912. We quote from that authorized explanation:
 

 “Under the existing judicial system which this amendment proposes to change, an action first tried in the court of common pleas, is carried thence to the circuit court for review, and thence to the supreme court for the same purpose, and either of the two courts may reverse the judgment and send it all back to the beginning in the court of common pleas. The amendment is to shorten that process by converting the circuit court into a court of appeals of three judges, and providing that its judgment in ordinary cases shall be final. This reduces proceedings to ‘one trial and one review * * V ”
 

 Another indication that the Constitutional Convention did not intend to enlarge the power of the Courts
 
 *298
 
 of Appeals beyond that held by the Circuit Courts on this subject, is seen in the judicial amendment of 1912 requiring the concurrence of all the judges to grant a reversal on the weight of the evidence, whereas theretofore only a majority was required.
 

 While the construction and interpretation of Section 11577 was before this court in
 
 Werner
 
 v.
 
 Rowley,
 
 129 Ohio St., 15, 193 N. E., 623, the facts in that case were not the same as in the instant case. It is, therefore, not necessary in the determination of our present question to review the action taken there.
 

 The construction of Section 11577 was also before this court in the ease of
 
 Mahoning Valley Ry. Co.
 
 v.
 
 Santoro, Admr.,
 
 93 Ohio St., 53, 112 N. E., 190, the first, second and third paragraphs of the syllabus being as follows:
 

 “1. The constitution of 1912, by its schedule, expressly saves ‘all laws then in force, not inconsistent therewith. ’
 

 “2. Before a statute can fall by reason of such inconsistency the repugnancy must be necessary and obvious. If by any fair course of reasoning the statute and constitution can be reconciled, the statute must stand. (Following
 
 Cass
 
 v.
 
 Dillon,
 
 2 Ohio St., 607.)
 

 “3. Section 11577, General Code, is by these tests reconcilable with the several amendments of the constitution adopted in 1912, and is applicable not only to cases pending on the first of January, 1913, but to all other cases, until said statute shall be repealed.”
 

 In that case also, the court no doubt must have had in mind the guarantee in the Bill of Rights to the effect that the right of trial by jury shall be inviolate. The opinion, at page 63, goes on to say:
 

 “The constitutional convention obviously was not seeking to enlarge the right of reviewing courts upon the verdicts of juries, or to increase the number of trials, appeals and reviews under the then practice of the courts, but on the contrary to limit and restrain the
 
 *299
 
 number of trials and the power of review by virtue of the new constitutional provisions in that behalf.”
 

 In giving effect to any particular section of the Constitution, other sections relating to the same subject must be taken into consideration in order to harmonize, if possible, all integral parts of the same subject. "When Sections 5 and 16 of Article I, and Section 6 of Article IY, are'read side by side, we are obliged to conclude that Section 11577, General Code, seeks to harmonize, as far as possible, those three sections in order that the right of trial by jury shall remain inviolate, that, justice shall be administered without denial or delay, and that the Courts of Appeals in respect to the weight of the evidence shall have appellate jurisdiction to reverse judgments as may be provided by law. That was the decision of this court in the case of
 
 Mahoning Valley Ry. Co.
 
 v.
 
 Santoro, Admr., supra,
 
 which we hereby approve and follow in this case.
 

 No other error appearing in the record, the judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Matthias, Day, Zimmerman and Williams, ' JJ., concur.
 

 Weygandt, C. J., and Jones, J., dissent.