By the Court.
 

 This case originated in the Court of Common Pleas of Mahoning county as an action for damages for personal injuries. The trial resulted in a verdict for the plaintiff in the sum of $900, for which judgment was accordingly rendered. This judgment was reversed by the Court of Appeals upon the ground, as statpd in the journal entry, “That the judgment of the Court of Common Pleas is against the manifest weight of the evidence.”
 

 Retrial of the case resulted in a verdict for the plaintiff in the sum of $5,000, upon which judgment was rendered. Appeal was again taken to the Court of Appeals, one of the grounds of alleged error being “That the verdict of the jury is against the manifest weight of the evidence.” The Court of Appeals a second time reversed the judgment of the Common Pleas Court and remanded the case, stating in the journal entry as the ground for such reversal ‘ ‘ That the judgment of the Common Pleas Court is against the manifest weight of the evidence as to the amount of the verdict. ’ ’
 

 To find that a verdict is excessive requires a con
 
 *165
 
 sideration of the weight of the evidence.
 
 Waldron
 
 v.
 
 New York Central Ry. Co.,
 
 106 Ohio St., 371, 140 N. E., 161.
 

 Section 11577, General Code, does.not contemplate one reversal upon the weight of the evidence for each branch of a case. Such reversals are usually based upon the weight of the evidence as to a particular element as distinguished from every other element of the case. A judgment and verdict may be reversed upon the ground that they are not sustained by sufficient evidence, whether such finding is based upon the excessiveness of the verdict or some other branch or element in the case.
 
 Schendel
 
 v.
 
 Bradford, Admr.,
 
 106 Ohio St., 387, 140 N. E., 155;
 
 McMurtrie
 
 v.
 
 Wheeling Traction Co.,
 
 107 Ohio St., 107, 140 N. E., 636.
 

 Section 11577, General Code, providing that “The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant, more than one judgment of reversal on the weight of the evidence against the same party in the same case” is a valid exercise of legislative power in providing by law the procedure for the exercise of appellate jurisdiction by the Court of Appeals in respect to judgments of reversal on the weight of' the evidence.
 
 Mahoning Valley Ry. Co.
 
 v.
 
 Santoro, Admr.,
 
 93 Ohio St., 53, 112 N. E., 190;
 
 Nyiry
 
 v.
 
 Modern Brotherhood of America,
 
 97 Ohio St., 343, 120 N. E., 878;
 
 Isaac
 
 v.
 
 Intercoast Sales Corp.,
 
 132 Ohio St., 289, 7 N. E. (2d), 216.
 

 The judgment of the Court of Appeals is accordingly reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Turner, Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.
 

 Weygandt, C. J., dissents on the authority of
 
 Werner
 
 v.
 
 Rowley,
 
 129 Ohio St., 15, 193 N. E., 623.