MODARELLI ET AL., APPELLANTS, *v.* CARNEY, APPELLEE.

(No. 78-1011—Decided November 1, 1978.)

*Wellman & Jeren Co., L. P. A., Mr. Charles E. Dunlap, Mr. John A. Jeren, Jr., Messrs. Spangenberg, Shibley, Traci & Lancione* and *Mr. Donald P. Traci,* for appellants.

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L. P. A., Mr. Eugene Green, Mr. Dennis Haines* and *Mr. Barry R. Laine,* for appellee.

HERBERT, J. The principal issue presented by this cause is whether R. C. 3515.15 provides for an appeal to this court, as a matter of right, from a decision of the chief justice in an election contest rendered pursuant to R. C. 3515.08.[1]

R. C. 3515.08 authorizes the contest of an election as follows:

"The nomination or election of any person to any public office or party position or the approval or rejection of any issue or question, submitted to the voters, may be contested by qualified electors of the state or a political subdivision.

"In the case of an office to be filled or an issue to be determined by the voters of the entire state, or for the offices of members of congress, or for judicial offices higher than that of court of common pleas, or for an office to be filled or an issue to be determined by the voters of a district larger than a county, said contest shall be heard and determined by the chief justice of the supreme court or a justice of the supreme court assigned for that purpose by the chief justice * * *.

"In the case of all other offices or issues, except judicial offices, such contests shall be heard and determined by a judge of the court of common pleas of the county in which the contest arose. * * *"

The pertinent statutory language providing for an appeal in an election contest case appears in R. C. 3515.15, and reads:

---

[1] The question of the constitutionality of these statutes is not before us.

"The person against whom judgment is rendered in a contest of election may appeal on questions of law, within twenty days, to the supreme court; but such appeal shall not supersede the execution of the judgment of the court. Such appeal takes precedence over all other causes upon the calendar, and shall be set down for hearing and determination at the earliest convenient date. *The laws and rules of the court governing appeals apply in the appeal of contested election cases.* If the judgment of the lower court is affirmed, the supreme court shall order the judgment of such lower court to be enforced, if the party against whom judgment is rendered is in possession of the office." (Emphasis added.)

R. C. 3515.15 does not purport to provide election contest appeals as a matter of right to this court.[a] *Young* v. *Fiedler* (1953), 159 Ohio St. 184, 111 N. E. 2d 394; *Bees* v. *Gilronan* (1953), 159 Ohio St. 186, 111 N. E. 2d 395. An appeal of an election contest, filed pursuant to R. C. 3515.15, will be dismissed by the Supreme Court when the appellant has not been granted permission to appeal and no debatable constitutional question is presented. Furthermore, R. C. 3515.15 does not authorize a review of the rulings of the chief justice in an election contest proceeding heard pursuant to R. C. 3515.08. Such decisions, even if considered to be judgments, would not be from a "lower court," as that term is used in the statute.

In view of the foregoing, this appeal is dismissed.

*Appeal dismissed.*

LEACH, C. J., CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

[a] We need not decide whether such a provision would be constitutionally permissible. See Section 2 of Article IV of the Constitution of Ohio.