[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 411.]

IN RE CONTESTED ELECTION OF NOVEMBER 2, 1993 CONCERNING ISSUE NO. 9, REFERENDUM OF ORDINANCE NO. 137-92, CITY OF AVON.

[Cite as *In re Contested Election of November 2, 1993*, 1995-Ohio-16.]

*Elections—Contest of election—Court lacks jurisdiction to proceed when R.C. 3515.10 not complied with.*

(No. 94-1662—Submitted May 9, 1995—Decided July 5, 1995.)

Appeal from the Court of Common Pleas of Lorain County, No. 93 CV 111527.

_____

{¶ 1} On January 25, 1993, appellee, Avon City Council, the legislative authority for appellee, city of Avon, passed Ordinance No. 137-92, which reduced the resident income-tax credit for income taxes paid to another municipality from one hundred percent to fifty percent, effective April 1, 1993. Following the receipt of a referendum petition which proposed repealing Ordinance No. 137-92, council passed Ordinance No. 58-93 on June 14, 1993, submitting the referendum issue to the Lorain County Board of Elections for placement on the November 2, 1993 ballot. The referendum issue, known as Issue 9 on the ballot, was posted in five locations throughout Avon and was publicized in local newspapers.

{¶ 2} Issue 9, taken from Ordinance No. 58-93, provided:

"Shall Ordinance No. 137-92, which amends Ordinance 53-82, as codified in Section 880.9(A) of the Avon Codified Ordinances, which provides for an amendment of the municipal income tax credit of a resident of the City having income taxable in another municipality from 100% to 50% of the amount obtained by multiplying the lower of the tax rate of such other municipality or of the City by the taxable income earned or attributable to the municipality or of the City by the taxable income earned or attributable to the municipality of employment or business activity be repealed?"

**{¶ 3}** On November 17, 1993, the board of elections certified that Issue 9 had failed by a margin of 1,449 to 1,288. From the date the ordinance enabling Issue 9 to be placed on the November 2, 1993 ballot was passed until after the election, appellees received no comment or complaint regarding the ballot language.

**{¶ 4}** On December 2, 1993, appellants, several electors who had voted on Issue 9 at the November 2, 1993 election, filed a complaint in the Lorain County Court of Common Pleas contesting the Issue 9 election result. Appellants claimed that (1) the ballot language of Issue 9 had misled and confused electors, (2) the full text of Issue 9 was not posted at each polling place, (3) absentee ballots were not properly counted, (4) ballots were wrongfully excluded from being counted, and (5) other unspecified irregularities in the conduct of the election occurred. Appellants further claimed that the defective ballot language, improper posting, and other election irregularities resulted in the rejection of Issue 9. Appellants requested that the election as to Issue 9 be set aside and that Issue 9 be declared to have passed.

**{¶ 5}** On December 15, 1993, appellees filed an answer, which raised the affirmative defenses of laches and estoppel. On the same date, appellees filed a motion to dismiss, or alternatively, a motion for summary judgment based on their contention that appellants were estopped from bringing an election contest. On January 20, 1994, appellants filed a motion for summary judgment on their claim that the ballot language of Issue 9 was defective.

**{¶ 6}** A hearing on the motions was continued from February 17, 1994 to March 11, 1994, on agreement of the parties. On March 8 and 9, 1994, appellants filed motions for summary judgment on the defective posting and ballot language issues, and further moved to continue the scheduled hearing to allow appellees time to respond to their new motions. The court rescheduled the case for hearing on all the motions for sometime after May 3, 1994.

**{¶ 7}** On March 31, 1994, appellees filed a motion to dismiss the matter on the basis that the procedure specified in R.C. 3515.10 had not been followed. On May 6, 1994, appellants requested that the court set a final hearing date once all outstanding motions had been ruled upon. On July 14, 1994, the court determined that there was no genuine issue of material fact and granted appellees' December 15, 1993 motion to dismiss, or alternatively, motion for summary judgment, thereby dismissing the case with prejudice.

**{¶ 8}** Appellants filed a notice of appeal from the common pleas court to this court pursuant to R.C. 3515.15, which provides:

"The person against whom judgment is rendered in a contest of election may appeal on questions of law, within twenty days, to the supreme court ***. *** The laws and rules of the court governing appeals apply in the appeal of contested election cases. ***"

**{¶ 9}** This court previously held that R.C. 3515.15 does not authorize election contest appeals as a matter of right to this court. *Moradelli v. Carney* (1978), 56 Ohio St.2d 67, 10 O.O.3d 142, 381 N.E.2d 1128; *Foraker v. Perry Twp. Rural School Dist. Bd. of Edn.* (1935), 130 Ohio St. 243, 4 O.O. 264, 199 N.E.2d 1128. These cases were premised on G.C. 12251 and, later, R.C. 2505.29, which provided appeals to this court by leave. R.C. 2505.29 was repealed in 1987. In *Portis v. Summit Cty. Bd. of Elections* (1993), 67 Ohio St.3d 590, 621 N.E.2d 1202, the court treated an appeal of an election contest from a common pleas court as an appeal as of right. The Supreme Court Rules of Practice do not expressly address this type of appeal. On November 23, 1994, this court ordered the transmission of the common pleas court record and the filing of briefs, effectively treating the instant appeal as one of right.

_____

*Phillips & Co., L.P.A.*, and *Gerald W. Phillips*, for appellants.

*Russell T. McLaughlin*, for appellees.

————————

**Per Curiam.**

{¶ 10} As a preliminary matter, appellants have moved to strike appellees' brief because it contains matters in its appendix which are not part of the record. Appellees concede that their brief contains documents which are not in the record. It is axiomatic that a reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus; *State v. Davis* (1992), 63 Ohio St.3d 44, 46, 584 N.E.2d 1192, 1195, fn. 2. Therefore, appellants' motion is granted in part, and those portions of the appendix in appellees' brief which constitute new matter are stricken and are not considered in the resolution of this appeal.

{¶ 11} In considering the merits of this appeal, in Ohio a contestor of an election must establish by clear and convincing evidence (1) that one or more election irregularities occurred, and (2) that the irregularity or irregularities affected enough votes to change or make uncertain the result of the election. *McMillan v. Ashtabula Cty. Bd. of Elections* (1993), 68 Ohio St.3d 31, 34, 623 N.E.2d 43, 46. The common pleas court's dismissal was premised on appellees' December 15, 1993 motion to dismiss, or alternatively, motion for summary judgment. Appellees' motion was based solely on their contention that appellants were estopped from asserting an election contest because they were or should have been fully aware of the proposed Issue 9 ballot language when the enabling ordinance was passed on June 14, 1993.

{¶ 12} Extreme diligence and promptness are required in election-related matters. *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 49, 600 N.E.2d 656, 659. Equitable estoppel precludes recovery when "one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." *State ex rel. Chavis*

*v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 34, 641 N.E.2d 188, 196. Generally, actual or constructive fraud is required. *State ex rel. Richard v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund* (1994), 69 Ohio St.3d 409, 414, 632 N.E.2d 1292, 1296.

{¶ 13} In cases in which we have found equitable estoppel in an election contest, irregularities were plain on the face of the ballot, and the contestors were aware of the alleged defects prior to the election. See *In re Election of November 6, 1990 for the Office of Attorney General of Ohio* (1991), 58 Ohio St.3d 103, 113-114, 569 N.E.2d 447, 457. Appellants in this case arguably were either aware of or should have been aware of the ballot language prior to the November 2, 1993 election, yet they failed to raise this issue prior to learning of the adverse election results. Cf. *Beck v. Cincinnati* (1955), 162 Ohio St. 473, 476, 55 O.O. 373, 374, 124 N.E.2d 120, 122, where we rejected an estoppel claim based on the failure to object to ballot language because we found the defect to be so substantial as to void the election results. However, assuming *arguendo* that the common pleas court properly determined that appellants were estopped from raising a defective-ballot-language claim, estoppel would not preclude their other claims, e.g., improper posting and inaccurate ballot counting. Therefore, the common pleas court erroneously relied on estoppel in order to dismiss all of appellants' claims.

{¶ 14} Nevertheless, a reviewing court cannot reverse a proper judgment merely because erroneous reasons were assigned as a basis thereof. *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309. R.C. 3515.10 provides:

{¶ 15} "*The court with which a petition to contest an election is filed shall fix a suitable time for hearing such contest, which shall not be less than fifteen nor more than thirty days after the filing of the petition.* \*\*\* [T]he hearing shall proceed at the time fixed, unless postponed by the judge hearing the case for good cause

shown by either party by affidavit or unless the judge adjourns to another time, not more than thirty days thereafter ***."  (Emphasis added.)

{¶ 16} The procedures prescribed for election contests are specific and exclusive, and must be strictly construed.  *In re Election of November 6, 1990 for the Office of Attorney General of Ohio* (1991), 62 Ohio St.3d 1, 5, 577 N.E.2d 343, 344, 346.  The courts have no jurisdiction to conduct an election contest in the absence of statutory authority, and "where a contestor, before expiration of the time within which an election contest under a statute must be tried, obtains a postponement or acquiesces in a postponement which carries the case beyond the time limit, he thereby discontinues his contest."  *Jenkins v. Hughes* (1952), 157 Ohio St. 186, 190, 47 O.O. 127, 129, 105 N.E.2d 58, 60.  Compliance with the R.C. 3515.10 hearing scheduling requirement is jurisdictional, and where the trial date of the election contest is not set within thirty days after the filing of the petition and no request is made for the scheduling of a hearing within that period, the court lacks jurisdiction to proceed.  *McCall v. Eastern Local School Dist. Bd. of Edn.* (1959), 169 Ohio St 50, 52; 8 O.O.2d 11, 12-13, 157 N.E.2d 351, 352-353; cf. *State ex rel. Daoust v. Smith* (1977), 52 Ohio St.2d 199, 201, 6 O.O.3d 457, 458, 371 N.E.2d 536, 537, and *State ex rel. Byrd v. Summit Cty. Bd. of Elections* (1981), 65 Ohio St.2d 40, 43, 19 O.O.3d 230, 232, 417 N.E.2d 1375, 1378, citing *McCall* and *Jenkins* for the proposition that in election cases, compliance with statutory limitations is a jurisdictional requirement; see, also, *Sekas v. Wohl* (Apr. 30, 1987), Cuyahoga App. No. 52927, unreported ("*Jenkins*, *supra*, and *McCall*, *supra*, *** reveal a contest[o]r must demonstrate some effort to have a hearing commenced or completed within the thirty-day period set forth in R.C. 3515.10 in order to satisfy such condition precedent.").

{¶ 17} Here, appellants filed their election contest on December 2, 1993, and no hearing on the petition was scheduled or requested within the thirty-day period following that date.  Instead, appellants filed motions for summary

judgment, acquiesced in continuing a consideration of the merits of the petition, and did not request that the court schedule a final hearing date until May 6, 1994, over six *months* after the filing of the election-contest action and after appellees had moved to dismiss the election contest based on lack of jurisdiction because of the failure to comply with R.C. 3515.10. Based on *Jenkins* and *McCall*, the court lacked jurisdiction to act. Consequently, the court's dismissal of the entire action, while not supported by its stated basis of estoppel, was proper. The issues raised by appellants are moot and need not be considered in light of the foregoing disposition. Accordingly, the judgment of the court of common pleas dismissing the case is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

––––––––––––––––