DECISION.
{¶ 1} Defendant-appellant, Christo Lassiter, appeals rulings by the domestic relations court on post-decree motions related to parenting issues between him and his former wife, defendant-appellee, Sharlene W. Lassiter. As we noted in the appeal from the final divorce decree, this case has been extraordinarily contentious and acrimonious, much to the detriment of the parties' two children. See Lassiter v. Lassiter, 1st Dist. No. C-010309, 2002-Ohio-3136, at ¶ 1. Unfortunately for all concerned, the acrimony has continued. Nevertheless, because we find some procedural irregularities, we must reverse the trial court's judgments and remand the case for further proceedings.
 {¶ 2} As a preliminary matter, appellee has filed a motion to strike appellant's brief because the appendices to his brief contain documents that are not in the record. A reviewing court cannot add matter to the record before it that was not part of the trial court's proceedings and then decide the appeal on the basis of that new matter. Inre Contested Election of November 2, 1993, 72 Ohio St.3d 411, 413,1995-Ohio-16, 650 N.E.2d 859; State v. Ishmail (1978), 54 Ohio St.2d 402,377 N.E.2d 500, paragraph one of the syllabus. Our review of the record shows that several of the documents in the appendices to appellant's brief were not part of the proceedings before the trial court. Nevertheless, we do not find it necessary to strike his entire brief. We grant appellee's motion as it relates to those new documents, and we do not consider them in deciding this appeal. See In re Contested Election, supra, at 413, 1995-Ohio-16, 650 N.E.2d 859.
 {¶ 3} Appellant presents two assignments of error for review. In his first assignment of error, he contends that the trial court erred in modifying the magistrate's July 17, 2001, decision. That decision essentially granted appellant's "motion for immediate modification of parenting time." This assignment of error is well taken.
 {¶ 4} The record shows that the divorce decree, which incorporated the trial court's previous rulings on parenting issues, named appellee as the children's residential parent and legal custodian and appellant as the nonresidential parent. Basically, under parenting orders incorporated into the decree, each of the parties had the children on alternating weeks.
 {¶ 5} Shortly before the entry of the decree, appellant filed his motion asking for the "right of first refusal." He contended that the children were with babysitters for long periods of time during each week they lived with appellee. He asked the court to allow him to pick up the children after school and other times during appellee's weeks when they would otherwise be with a babysitter.
 {¶ 6} After many submissions and much argument, the magistrate, in his July 17, 2001, decision, granted appellant's motion in part. He determined that (1) appellant should pick up the children after school and be responsible for their care during appellee's weeks when they would otherwise be in the care of a babysitter, and (2) that appellee should notify appellant if she would be out of town and would require the services of an overnight care provider, and give him the right of first refusal.
 {¶ 7} Appellee filed objections to the referee's report, in which she challenged the magistrate's findings of fact. She also argued that the evidence did not show a change of circumstances justifying a modification of the parenting orders in the decree, or that the magistrate's decision was in the children's best interest.
 {¶ 8} On January 18, 2002, the trial court issued a judgment entry in which it stated that appellee's objections were overruled in part and sustained in part. The court did not state, however, which specific objections it had sustained and which it had overruled. It held that, during weekdays, if either party could not pick up the children after school, then that party should notify the other and allow the other to exercise the right of first refusal in picking up the children. If one of the parties was unable to care for the children overnight during their parenting time, they were to notify the other and allow him or her to exercise the right of first refusal. Finally, the court held that, upon the filing of any new motions, the party filing the motion would first have to seek and bear the cost of mediation.
 {¶ 9} If the proceedings regarding appellant's motion for "modification" of parenting time had ended at this point, we would have overruled appellant's assignment of error. Appellant contends that the trial court abused its discretion in modifying the magistrate's July 17, 2001, decision, because the trial court did not review the transcript of the proceedings before the magistrate. He correctly asserts that courts have held that a trial court abuses its discretion in ruling on objections involving factual determinations without reviewing the transcript of the hearings before the magistrate. See Wade v. Wade
(1996), 113 Ohio App.3d 414, 418-419, 680 N.E.2d 1305; Ohio Edison Co.v. Gilmore (Aug. 7, 1995), 106 Ohio App.3d 6, 10-11, 665 N.E.2d 226;Reichman v. Reichman, 5th Dist. No. 2001 AP 03 0018, 2001-Ohio-1555. However, the record shows that the hearing to which appellant refers was not an evidentiary hearing. Instead the matter was "heard" by the magistrate using the submissions and arguments of the parties. Consequently, the trial court could have resolved the issues without referring to the transcript of the hearing.
 {¶ 10} Further, appellee contends that R.C. 3109.04(E)(1)(a) prevents a modification of the decree allocating parental rights and responsibilities absent a showing of a change of circumstances and that the modification is in the children's best interests. See In Re Brazile, 1st Dist. No. C-010694, 2002-Ohio-6652, at ¶ 19. Because appellant failed to demonstrate a change of circumstances or that any change would have been in the children's best interests, the trial court should not have modified the provisions in the decree regarding parenting at all. Even though appellant moved for a "modification" of the terms of the decree regarding parenting time, he was actually seeking a clarification regarding the "right of first refusal," an issue that was not addressed in the decree. Consequently, he did not have the burden to make the showings required by R.C. 3109.04(E)(1)(a).
 {¶ 11} Generally, decisions regarding parenting issues lie within the trial court's discretion. Reynolds v. Goll, 75 Ohio St.3d 121, 124,1996-Ohio-153, 661 N.E.2d 1008; Rowe v. Franklin (1995),105 Ohio App.3d 176, 181, 663 N.E.2d 955. The court's order, while hardly a model of clarity, is not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See Masters v. Masters,69 Ohio St.3d 83, 85, 1994-Ohio-483, 630 N.E.2d 665. The court was clearly trying to address appellant's concern that the children were left with babysitters often during the mother's weeks in a way that did not overly interfere with her parenting time. Further, the court's order regarding mediation was an attempt to cut down on the voluminous number of motions filed in this case. While it was not requested by the parties, it was reasonable under the circumstances.
 {¶ 12} However, we find the events that occurred after the January 28, 2002, entry to be problematic. In a subsequent entry ruling on objections to a magistrate's report regarding some other motions that appellant had filed, the court stated, "The matter of the right of first refusal shall be set before [the trial judge] as soon as possible[.]" The reason for this order is unclear, and the hearing was apparently never held.
 {¶ 13} Then, on July 25, 2002, the court journalized another judgment entry. It stated, "[I]t appearing to the Court that there has been a change of circumstances since the order of this Court entered January 28, 2002, which change affects adversely the best interests of the minor children of the parties in this, to-wit, that certain educational and environmental benefits will be denied unless the said order of January 28, 2002 is modified to protect and preserve the best interests of said children. Therefore, it is adjudged, ordered and decreed that the provisions of the order of this Court with respect to the allocation format be reinstated so that the allocation shall be as ordered by the Decree of Divorce entered 4-10-01. Provisions of the prior order by Decree of Divorce on 4-10-01 are hereby reinstated in full."
 {¶ 14} The record contains no indication of the impetus or the need for this entry. Appellant contends that it was the result of an ex parte communication between appellee's counsel and the court. He has attached to his brief a letter from appellee's counsel to the court bearing the same date as the entry. This letter is not in the record, however. It is one of the documents attached to appellant's brief that we have ordered to be stricken, and we will, therefore, not consider it. The record does contain some previous ex parte communications between appellee's counsel and the court. This is an issue that concerns us, but which we do not address at this time, as appellant has not raised an assignment of error related to the letters that are in the record.
 {¶ 15} Considering only what is in the record of the proceedings before the trial court, the court's July 25, 2002, entry is inexplicable. It is a complete turnaround from what had previously occurred. The court had previously stated that it generally agreed with the proposition that the children should not be in the care of babysitters when their father was ready and willing to care for them. Considering that no motion to modify the court's previous holding on the issue was pending and that the hearing the court had previously ordered was never held, we hold the court's action in this entry to be arbitrary and unreasonable, and, therefore, an abuse of discretion. We sustain appellant's assignment of error. We reverse the court's judgment as stated in the July 25, 2002, entry. We remand the case to the trial court to hold the hearing it had originally ordered but had never held and to clarify its reasons for this entry.
 {¶ 16} With that holding in mind, we believe this is an appropriate juncture to express some observations and concerns about this case. While we would not usually comment on the parties' actions in this manner, we believe that the immense consumption of judicial time and resources in both the trial court and this court warrants our comments. In our previous decision, we used some harsh language. We stated, "This court has not seen many domestic relations cases more contentious and acrimonious or more consumption [sic] of judicial time and resources than this case. The parties, who are both law professors and who ought to know better, engaged in thoroughly inappropriate behavior that was detrimental to the resolution of their case and to the welfare of their children, for which both claimed to be primarily concerned." Lassiter, supra, at ¶ 1. Appellee cites this language to us in describing appellant's behavior, but it applies to both parties. Both parties have behaved in an appalling manner, and both parties are harming their children.
 {¶ 17} We are aware of appellant's need for control, his attempts at manipulation of the facts, and his voluminous filings. Nevertheless, the record demonstrates that perhaps some of his frustration, if not his behavior, may have been justified. Appellee's behavior concerned us in the previous appeal and continues to concern us. Her use of babysitters is another tactic in her continued campaign to deny appellant a relationship with his children. As noted by the magistrate, she exhibits "unrelenting hostility" towards appellant. She uses her status as residential parent as a weapon, refuses to understand that he is entitled as a parent to a relationship with his children, and refuses to be flexible in any way about parenting issues. She has flatly refused to obey court orders. Most notably, she refused to attend parenting therapy early in the proceedings. These issues, in our view, have never been adequately addressed. We take a dim view of both parties' behavior, and we suggest that if they truly do care about the welfare of their children, this behavior must cease.
 {¶ 18} In his second assignment of error, appellant argues that the trial court erred in modifying the magistrate's decision dated February 15, 2002. This decision concerned rulings on motions for contempt filed by appellant on February 8, 2000, and July 6, 2000, related to appellee's alleged denials of appellant's parenting time, failure to provide the right of first refusal, denial of telephone and mail privileges, interference with his parenting time, and refusal to attend co-parenting therapy. The magistrate held appellee in contempt for (1) her ongoing denial of appellant's basic parental right of reasonable telephone and mail contact with the parties' children, (2) her ongoing refusal to cooperate with orders establishing co-parenting therapy and her ongoing interference with the reasonable conduct of appellant's parenting time, and (3) her unreasonable denial of parenting-time contact and of "make-up" parenting time.
 {¶ 19} The magistrate indicated that seven hearings were held on the issue, which were evidentiary hearings. However, appellee, in objecting to the magistrate's report, did not file transcripts of those hearings. Consequently, the trial court ruled on her objections without reviewing the transcripts of the hearings before the magistrate. Ruling on her objections would necessarily have involved consideration of factual issues.
 {¶ 20} Civ.R. 53(E)(3)(b) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." As we have previously stated in ruling on appellant's first assignment of error, a trial court abuses its discretion in ruling on objections involving factual determinations without reviewing the transcript of the hearings before the magistrate.Wade, supra, at 418-419, 680 N.E.2d 1305; Ohio Edison, supra, at 10-11,665 N.E.2d 226; Reichman, supra.
 {¶ 21} In this case, the trial court did not limit itself to an independent examination of the magistrate's report while reaching different legal conclusions. Rather, the court addressed factual objections that were not supported by transcripts of the hearings before the magistrate. See Wade, supra, at 419, 680 N.E.2d 1305; Hearn v.Broadwater (1995), 105 Ohio App.3d 586, 588, 664 N.E.2d 971. Appellee had an affirmative duty to ensure that a transcript appropriate for review of her objections was filed. Helton v. Helton (1994), 102 Ohio App.3d 733,736, 658 N.E.2d 1; In re Martin (Aug. 11, 2000), 1st Dist. No. C-990517.
 {¶ 22} Though the trial court technically overruled appellee's objections, it went on to modify the magistrate's decision in a way favorable to appellee. These modifications would necessarily have required consideration of factual issues and specifically contradicted at least one of the magistrate's findings of fact.
 {¶ 23} Under the circumstances, we hold that the trial court abused its discretion in ruling on appellee's objections without reviewing the transcripts of the hearings before the magistrate. See Inre Woolridge (Aug. 27, 1999), 1st Dist. No. C-980545. Accordingly, we sustain appellant's second assignment of error, reverse the trial court's order ruling on appellee's objections to the magistrate's report and remand the case for further proceedings.
Judgment reversed and cause remanded.
Sundermann, P.J., Doan and Winkler, JJ.